J-S81041-16

2017 PA Super 1

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN ROMEO | |
| Appellant | No. 272 EDA 2016 |

Appeal from the Order December 18, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0001745-1983

BEFORE:  BOWES, J., MOULTON, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                    **FILED JANUARY 03, 2017**

John Romeo ("Appellant") appeals from the order entered by the Court

of Common Pleas of Montgomery County denying his motion to expunge the

record of his 32 year-old conviction for third-degree felony criminal trespass.

He claims the court's reliance on statutory law prohibiting expungement of

conviction history under his circumstances[1] deprived him of his due process

right to a judicial assessment of his interest in avoiding harm attendant to

maintenance of the conviction record against the Commonwealth's interest

in preserving the record.  Guided by decisional law standards finding no due

process basis for application of this balancing test—reserved for requests for

_____

[*] Former Justice specially assigned to the Superior Court.

[1] See the Criminal History Record Information Act (CHRIA), 18 Pa.C.S. § 1922, _infra_.

discretionary expungement of arrest records in cases terminated without conviction or acquittal—to expunge conviction records, we affirm.

The lower court sets forth an apt case history as follows:

On October 7, 2015, Defendant [hereinafter "Appellant"] filed a pro se petition pursuant to Pa.R.Crim.P. 790(A). It set forth Appellant's date of birth as October 1, 1954 (indicating that he was sixty-one years old when the petition was filed), his date of arrest (May 7, 1983), and the specific charges to be expunged and their respective dispositions as follows: first-degree-felony burglary and third-degree misdemeanor loitering and prowling, which were nolle prossed; and third-degree-felony criminal trespass (Crimes Code § 3503(a)(1) and first-degree-misdemeanor prohibited offensive weapon (Crimes Code § 908(a)), to which he pled guilty.

Paragraph 13 of the petition set forth "the reason for expungement:" as follows:

13: The reason for expungement: It's been over 30 years. It would be nice to put this behind me. Not a day goes by I don't think about this. It's not a good feeling carrying this. I can't hold any public office positions. That was a different person in 1983."

On December 18, 2015, the [lower court] held a hearing on the petition. Appellant appeared with counsel, who narrowed the focus of the petition for expungement solely to the felony criminal trespass conviction. . . .

Counsel presented the following argument in support of the petition:

John Romeo pled guilty to, among other things in 1983 . . ., felony criminal trespass, surreptitiously entering, a felony of the third degree.

He had filed this *pro se* motion for expungement. I represented him before in other matters and he asked me to help him out on this.

- 2 -

So basically his argument, Your Honor, is that after 32 years, it's the only felony on his record. The felony itself has prevented him from voting, serving on a jury[,] and getting a job with the police department in his local community.

I realize under the statute that he has no right to an expungement of a criminal conviction. My argument is more premised, Your Honor, on the due process of the Pennsylvania Constitution and the Federal Constitution under these specific facts that after 32 years, he's asking that this felony 3 criminal trespass be expunged.

I realize the weight of the statutory law is against me and I'm not arguing that, it's clear. What I'm arguing is one of Constitutional due process to allow him to fully exercised [sic] his right to life, liberty[,] and the pursuit of happiness, among other things, and that the Court would consider granting this expungement of that one – it would be just one Bill, 1743 [sic] of '83, Count 2, criminal trespass, a felony of the third degree.

Mot./Pet. Expungement, 12/18/15, at 2-3.

The Commonwealth[] countered with:

Your Honor, defense counsel has admitted there certainly is no statutory basis for this expungement.

The Appellant pled guilty in 1983 to criminal trespass, a felony of the third degree, and an offensive weapons charge, a misdemeanor of the first degree, which defense counsel is not seeking to have expunged.

The remaining counts that were [*nolle prossed*] were burglary and loitering and prowling.

The Commonwealth then reviewed the factual basis for the plea of guilty and argued the serious nature of the charges.

- 3 -

The Court took the matter under advisement and handed down a decision denying the petition later that day.

Appellant filed a Notice of Appeal . . . on January 19, 2016.[2]

Lower Court Opinion, 4/15/16, at 1-3.

Appellant presents the following questions for our consideration:

I.     IS APPELLANT ENTITLED TO AN EXPUNGEMENT OF A SINGLE, 32-YEAR OLD MINOR FELONY CONVICTION AS A MATTER OF DUE PROCESS SO HE CAN ONCE AGAIN ENJOY THOSE RIGHTS AND LIBERTIES MOST AMERICANS TAKE FOR GRANTED?

II.    WAS ERROR OR THE APPEARANCE OF ERROR COMMITTED BY THE LOWER COURT'S ORDER WHICIH [SIC] FIRST GRANTED THEN INEXPLICABLY DENIED APPELLANT'S EXPUNGEMENT REQUEST?

Appellant's brief at 4.

There is a long-standing right in this Commonwealth to petition for expungement of a criminal arrest record, a right that is an adjunct of due process. *Carlacci v. Mazaleski*, 568 Pa. 471, 798 A.2d 186, 188 (2002). [*See, infra, Commonwealth v. Malone*, 366 A.2d 584 (Pa.Super. 1976)]. The decision to grant or deny a petition to expunge rests with the sound discretion of the trial court, and we review that court's decision for abuse of discretion. *Commonwealth v. Waughtel*, 999

_____

[2] Thirty days from the December 18, 2015, order was Sunday, January 17, 2016. Monday, January 18, 2016, was Martin Luther King, Jr. Day, an observed holiday. Appellant, therefore, had until Tuesday, January 19, 2016, to file a a timely notice of appeal. *See* Pa.R.A.P. 903(a) (notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"); 1 Pa.C.S.A. § 1908 (excluding weekends and holidays from the computation of time when the last day of the time period falls on a weekend or holiday).

A.2d 623, 624–25 (Pa.Super. 2010); **Commonwealth v. A.M.R.**, 887 A.2d 1266, 1268 (Pa.Super. 2005).

> Judicial analysis and evaluation of a petition to expunge depend upon the manner of disposition of the charges against the petitioner. When an individual has been convicted of the offenses charged, then expungement of criminal history records may be granted only under very limited circumstances that are set forth by statute. 18 Pa.C.S. § 9122; **Hunt v. Pennsylvania State Police**, 603 Pa. 156, 983 A.2d 627, 633 (2009). When a petitioner has been tried and acquitted of the offenses charged, we have held that the petitioner is "automatically entitled to the expungement of his arrest record." **Commonwealth v. D.M.**, 548 Pa. 131, 695 A.2d 770, 772–73 (1997). When a prosecution has been terminated without conviction or acquittal, for reasons such as *nolle prosse* of the charges or the defendant's successful completion of an accelerated rehabilitative disposition program ("ARD"), then this Court has required the trial court to "balance the individual's right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records." **Commonwealth v. Wexler**, 431 A.2d 877, 879 (Pa. 1981); **D.M.**, **supra** at 772 ("We reiterate the authority of **Wexler** and the balancing test approved therein as the means of deciding petitions to expunge the records of all arrests which are terminated without convictions except in cases of acquittals.").

**Commonwealth v. Moto**, 23 A.3d 989, 993 (Pa. 2011).

Herein, Appellant summarily concedes that Section 9122 affords him no opportunity for relief, presumably because he fails to meet statutory requirements for expungement of conviction history.[3] He advances, instead,

---

[3] Relevant for purposes of the present appeal, the CHRIA provides:

**§ 9122. Expungement**

\*\*\*

**(b) Generally.--**Criminal history record information may be expunged when:

*(Footnote Continued Next Page)*

- 5 -

a constitutional challenge positing that the same due process rights requiring performance of a balancing test where neither conviction nor acquittal was obtained are, likewise, implicated in a petition to expunge a *conviction* record.[4] See Appellant's brief at 13. In support of this position, Appellant argues by analogy that just as constitutional interpretation continues to evolve on issues relating to fundamental liberty interests and punishment, so too should it evolve to allow expungement of conviction records through the same process applicable to nonconviction records:

> The law does not perpetually remain static. As we have seen over the last several years our federal constitution has been interpreted to reflect changing societal values. That evolution

_(Footnote Continued)_ _____

> (1) An individual who is the subject of the information reaches 70 years of age and has been free of arrest or prosecution for ten years following final release from confinement or supervision.
>
> (2) An individual who is the subject of the information has been dead for three years.
>
> ****

18 P.S.C.A. § 9122.

[4] Appellant specifically refers neither to the Due Process Clause of the Fourteenth Amendment of the United States Constitution nor to Article I, Section 9 of the Pennsylvania Constitution, but instead expresses a generic due process claim. The lack of specificity is of no moment to our review, however, as our courts have generally treated the Due Process Clause of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution as coextensive. *See*, *e.g*., ***Commonwealth v. Sims***, 919 A.2d 931, 941 n. 6 (Pa. 2007).

has culminated into the extension of constitutional protection to same sex marriage and to juveniles convicted of first degree murder no longer being condemned to death sentences or even sentences of life without possibility of parole.

Unlike the above-described legal issues, it is a much more restrained legal evolution to extend due process protections to those seeking relief from a prior felony conviction where a lower court engages in the same balancing test utilized in determining whether to expunge an arrest record.

Appellant's brief at 12.

In *Commonwealth v. Magdon*, 456 A.2d 194 (Pa.Super. 1983), this Court addressed whether due process rights require extending use of the balancing test prescribed in *Wexler* to instances where a petition seeks expungement of conviction records.[5] In affirming the denial of petitioner's request without application of the test, the *Magdon* Court discussed the legal basis for recognizing a right to seek expungement of arrest records and found such basis inapposite where expungement of conviction records is sought:

In [ ]*Malone*,[ ] this Court held for the first time that upon petition and hearing an accused's record can be expunged if the evidence at the hearing justifies the expungement. The Court first concluded that it enjoyed authority to order the expungement of an arrest record, and next determined the circumstances under which expungement is proper. In deciding this first point, the Court in *Malone* stated its rationale as follows:

---

[5] Magdon pled guilty to a charge of selling marijuana and served eighteen months' incarceration in Lackawanna County Prison.

It seems clear, therefore that our appellate courts recognize the right of an accused to seek expungement of an arrest record. *Cf. Sullivan v. Murphy*, 156 U.S.App.D.C. 28, 478 F.2d 938 (1973). Although our research does not indicate a stated legal basis for that right in our appellate decisions, we believe that such a right is an adjunct to due process. The harm ancillary to an arrest record is obvious: "Information denominated a record of arrest, if it becomes known, may subject an individual to serious difficulties. Even if no direct economic loss is involved, the injury to an individual's reputation may be substantial. Economic losses themselves may be both direct and serious. Opportunities for schooling, employment, or professional licenses may be restricted or nonexistent as a consequence of the mere fact of an arrest, even if followed by acquittal or complete exoneration of the charges involved. An arrest record may be used by the police in determining whether subsequently to arrest the individual concerned, or whether to exercise their discretion to bring formal charges against an individual already arrested. Arrest records have been used in deciding whether to allow a defendant to present his story without impeachment by prior convictions, and as a basis for denying release prior to trial or an appeal; or they may be considered by a judge in determining the sentence to be given a convicted offender." *Menard v. Mitchell,* 139 U.S.App.D.C. 113, 430 F.2d 486, 490-91 (1970). *See also*, *Michelson v. United States,* 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948). *Cf. Wisconsin v. Constantineau*, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971). Thus, it is not hyperbole to suggest that one who is falsely accused is subject to punishment despite his innocence. Punishment of the innocent is the clearest denial of life, liberty and property without due process of law. To remedy such a situation, an individual must be afforded a hearing to present his claim that he is entitled to an expungement -- that is, because an innocent individual has a right to be free from unwarranted punishment, a court has the

authority to remedy the denial of that right by ordering expungement of the arrest record.

*Id.* at 69, 366 A.2d at 587-88. [(footnote deleted)].

Once the Court determined that expungement of an arrest record *may* be ordered, it went on to articulate a balancing test to be applied in determining what circumstances the *exercise* of that authority is warranted. The Court in **Malone** noted that the balancing of societal interests in the retention of arrest records with the rights of the individual was the salient point of inquiry:

> What is ... required is a more delicate balancing of law enforcement needs against the privacy and other interests of affected individuals, and a closer analysis of whether legitimate law enforcement needs may be served in a manner which does not unduly trench upon the individual's rights.

*Id*. at 70, 366 A.2d at 588, *quoting* **Utz v. Cullinane**, 172 U.S.App.D.C. 67, 520 F.2d 467, 475 n. 10 (1975).

\*\*\*

Instantly, [appellant Magdon] refers to this balancing test and cites the above-stipulated facts [including laudable post-conviction attainment of high school and college degrees with honors, a record of continuous employment and community volunteerism, a good reputation among co-workers and neighbors, the automatic denial of promotions because of his record, and an acceptance into the Physician's Assistant program at Hahnemann Medical Hospital conditional on the expungement of his conviction record] which he alleges tip the scales in his favor. Despite the strength and number of uncontroverted facts which appellant asserts in support of his contention that he is a worthy candidate for expungement, we are unable to examine his record since we cannot erase the stigma of his conviction.

We commend appellant for his post-conviction accomplishments and express dismay concerning his inability to obtain desired employment. However, it is readily apparent from the above quoted passage in **Malone** that Judge Hoffman's rationale for allowing expungement of an *arrest* record was based upon the due process rights of the accused. This due process right to be heard is not abridged by denying an expungement hearing to

one actually convicted of a crime because the conviction itself is based upon a hearing in which the accused was adjudged guilty beyond a reasonable doubt, or upon a plea of guilty which waives the many of the formalities of such a hearing. The convicts' trial provided a forum in which he or she enjoyed an opportunity to be heard. Nor further opportunity for a hearing is required by the due process guarantee.

***Magdon***, 456 A.2d at 195-96.

***Magdon*** represents binding precedent upon this panel,[6] as Appellant's challenge presents the same due process narrative—one detailing long-term, commendable post-conviction conduct despite the real and varied difficulties of living with a conviction record—deemed, thirty-three years ago by this Court, ineligible to garner a discretionary expungement of conviction records. As we did in ***Magdon***, we express sympathetic understanding of the enduring challenges confronting one determined to live a post-conviction life of accomplishment and contribution. This panel, however, discerns no authority to mandate a ***Malone/Wexler*** expungement inquiry predicated on due process rights in the case *sub judice* when this Court has previously denied the existence of such rights in the conviction context. In this regard, moreover, we note that Appellant fails to identify and expound upon what, if any, newly pertinent considerations would merit a departure from our precedent. We, therefore, deem Appellant's first claim unworthy of relief.

---

[6] ***See Commonwealth v. Hull***, 705 A.2d 911, 912 (Pa.Super. 1998) (holding prior decisions of the Superior Court are binding precedent on a subsequent three-judge panel of this Court).

In Appellant's remaining claim, he asserts that the lower court's order denying his expungement motion impermissibly bore an "inexplicable" change in wording, specifically, the crossing-out of the word "granted" and substituting the word "denied."  The sum of Appellant's argument on this claim consists of the following:

> While the court in its Opinion attempts to explain this oddity after the fact, the situation requires that the Order be vacated and the matter remanded for a new hearing to address this matter.

Appellant's brief at 13.

Declaring Appellant's claim "specious," the court explains in its Pa.R.A.P. 1925(a) opinion that it fully intended to deny the petition, and it supports the correction as an exercise of its inherent "power to amend [the court's] records, to correct mistakes of the clerk or other officer of the court [or] inadvertencies of counsel, or [to] supply defects or omissions in the record."  Lower Court Opinion, at 6-7 (quoting **Commonwealth v. Cole**, 263 A.2d 339, 341 (Pa. 1970) (citation omitted)).  We agree with the court that no reason exists for vacating and remanding where the court simply corrected a clerical error with the judgment line to bring the order in agreement with its intended judgment.  Moreover, Appellant's failure to develop an argument or cite authority in support of his contention results in waiver of this claim.  **See** Pa.R.A.P. 2119(a), (b).

Order is AFFIRMED.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/3/2017</u>