**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEA RAE LIGGETT | : | |
| | : | |
| Appellant | : | No. 620 WDA 2019 |

Appeal from the Judgment of Sentence Entered March 20, 2019
In the Court of Common Pleas of Beaver County Criminal Division at
No(s):  CP-04-CR-0001209-2017

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED NOVEMBER 20, 2019**

Appellant Lea Rae Liggett appeals from the judgment of sentence imposed by the Court of Common Pleas of Beaver County (trial court) following her convictions for Driving Under the Influence (DUI) Controlled Substance, Schedule I, DUI Controlled Substance, Metabolite, and speeding.[1]  Appellant argues that the trial court erred in denying her motion to suppress blood test results, because the police did not obtain a warrant and Appellant did not provide a valid consent for the blood draw.  For the reasons that follow, we vacate the judgment of sentence, reverse the order denying suppression, and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3802(d)(1)(i), 3802(d)(1)(iii), and 3362(a)(2), respectively.

remand for a new trial on the DUI Controlled Substance, Schedule I and DUI Controlled Substance, Metabolite charges.

Appellant was arrested on March 6, 2017, following a traffic stop for driving 70 miles per hour in a 55-mile-per-hour zone and a blood draw was taken without a warrant. The trial court judge who ruled on Appellant's suppression motion found the following facts concerning the traffic stop, Appellant's arrest and the blood draw:

> Pennsylvania State Police Trooper Brian Mechling stopped [Appellant,] who was driving her vehicle on Constitution Boulevard in Beaver Falls, for speeding. [Appellant] pulled over and the trooper did not notice any signs of impaired driving prior to making the traffic stop. The trooper came up to the driver's side of the vehicle and requested [Appellant's] license, registration and insurance information, at which time he noted that there was an odor of marijuana coming from the vehicle. Based upon his observations, Trooper Mechling believed [Appellant] might be impaired and placed her under arrest. Once [Appellant] was placed inside the police vehicle, the trooper "simply asked her if she was willing to give a sample of her blood[,]" and she said yes. The trooper did not have any follow-up conversation with [Appellant] related to the blood draw and she did not ask any questions about the blood test. According to Trooper Mechling, [Appellant] did not, at any point, indicate that she no longer wanted to have the test. The trooper did not read [Appellant] any warnings after she consented to the blood draw because, "[s]he already acknowledged that she would be willing to give that sample, so I didn't, it was not needed." When asked if he told her she had the right to refuse, Trooper Mechling testified "I did not."

Trial Court Omnibus Pretrial Motions Opinion, 3/22/18, at 2 (quoting suppression hearing testimony) (footnotes omitted).

The test results from the blood draw showed that Appellant had measurable amounts of the active and inactive metabolites of marijuana and

Delta-9 THC, the active ingredient of marijuana, a Schedule I substance, and a measurable amount of Benzoylecgonine, a metabolite of cocaine, a Schedule II substance in her blood. Trial Court 1925(a) Opinion, 6/6/19, at 7-8, 12. On March 21, 2017, Appellant was charged with DUI Controlled Substance, Schedule I, DUI Controlled Substance, Schedule II or III, DUI Controlled Substance, Metabolite, DUI Controlled Substance, Impaired Ability, speeding, and careless driving.

On September 1, 2017, prior to trial, Appellant filed an Omnibus Pre-Trial Motion seeking to suppress the blood test results on the ground that her consent to the blood draw was not valid because she was not given the chemical test warnings required by the Vehicle Code or advised she had a right to refuse the test and that taking the blood draw without a search warrant therefore violated her rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution. The trial court held a hearing on this suppression motion on October 3, 2017. On March 22, 2018, the trial court denied Appellant's motion to suppress. The trial court found that Appellant was not given any warnings of her right to refuse the blood draw or of the consequences of refusing the test, but ruled that this did not invalidate Appellant's consent. Trial Court Omnibus Pretrial Motions Opinion, 3/22/18, at 2, 19-23.

Following a one-day bench trial before another trial court judge at which the blood test results were admitted in evidence, Appellant was convicted on November 30, 2018 of DUI Controlled Substance, Schedule I, DUI Controlled Substance, Metabolite, and speeding. The trial court acquitted Appellant of the charges of DUI Controlled Substance, Schedule II or III, DUI Controlled Substance, Impaired Ability, and careless driving. On March 20, 2019, Appellant was sentenced on the DUI Controlled Substance, Schedule I conviction to County Intermediate Punishment for two years, followed by three years of probation, plus a fine of $1,500, a required payment of $228 to the Pennsylvania State Police for the blood draw, and costs and supervision fees. No additional penalty was imposed for the DUI Controlled Substance, Metabolite conviction due to the doctrine of merger and Appellant was fined $55 for the speeding conviction. This timely appeal followed.

Appellant presents the following single issue for our review:

Whether the Court erroneously determined that the blood draw taken at the direction of the arresting officer was consensual and thus admissible contrary to Defendant's Constitutional Rights under the 4th and 14th Amendments of the United States Constitution and Article 1, Section 8 of the Constitution of the Commonwealth of Pennsylvania as well as Statutory Rights under 75 Pa.S.C.A. 1547.

Appellant's Brief at 5. The standard of review on this issue is well established:

Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. … Where the suppression court's factual findings are supported by the record, we are bound by these findings and may

- 4 -

reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, "whose duty it is to determine if the suppression court properly applied the law to the facts." Thus, the conclusions of law of the court[] below are subject to our plenary review.

*Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010) (quoting *Commonwealth v. Mistler*, 912 A.2d 1265 (Pa. 2006)) (citations omitted); *see also Commonwealth v. Venable*, 200 A.3d 490, 495 (Pa. Super. 2018).

The taking of a blood sample at the direction of a police officer is a search subject to the Fourth Amendment to the United States Constitution and is constitutionally impermissible without a warrant, absent an applicable exception to the Fourth Amendment's general requirement that a warrant be obtained. *Birchfield v. North Dakota*, 136 S. Ct. 2160, 2173 (2016); *Commonwealth v. Bell*, 211 A.3d 761, 769-70, 773 (2019); *Commonwealth v. Johnson*, 188 A.3d 486, 489 (Pa. Super. 2018). Here, there was no warrant and consent to the blood draw is the only exception that the trial court found applicable or that the Commonwealth contends permitted this search.

Voluntary consent to the search is an exception to the warrant requirement. *Commonwealth v. Valdivia*, 195 A.3d 855, 861-62 (Pa. 2018); *Commonwealth v. Strickler*, 757 A.2d 884, 888 (Pa. 2000); *Johnson*, 188 A.3d at 489. It is the Commonwealth's burden to prove that the defendant's consent was voluntary. *Valdivia*, 195 A.3d at 862;

*Commonwealth v. Krenzel*, 209 A.3d 1024, 1028 (Pa. Super. 2019); *Venable*, 200 A.3d at 497. For the consent to be voluntary, it must be "the product of an essentially free and unconstrained choice – not the result of duress or coercion, express or implied, or a will overborne – under the totality of the circumstances." *Valdivia*, 195 A.3d at 862 (quoting *Commonwealth v. Smith*, 77 A.3d 562 (Pa. 2013)); *Krenzel*, 209 A.3d at 1028 (quoting *Venable*); *Venable*, 200 A.3d at 497 (quoting *Commonwealth v. Evans*, 153 A.3d 323 (Pa. Super. 2016)).

The consent to a blood draw in a DUI case is also governed Section 1547(b) of the Vehicle Code, which gives a DUI arrestee the right to refuse to consent to chemical testing, but imposes adverse consequences of license suspension and admission in evidence of the refusal if the arrestee refuses. 75 Pa.C.S. § 1547(b)(1), (e); *Commonwealth v. Myers*, 164 A.3d 1162, 1169-71 (Pa. 2017);[2] *Krenzel*, 209 A.3d at 1029-30. In addition, Section 1547(b)(2) requires that the police officer inform the arrestee of the consequences of refusing to consent to chemical testing. 75 Pa.C.S. § 1547(b)(2) (providing that "[i]t shall be the duty of the police officer to inform the person" of license suspension and other adverse consequences of refusing

_____

[2] While parts of the *Myers* opinion are a plurality opinion, the portions cited herein were joined in by a majority of the justices of the Supreme Court and represent an opinion of the Court. *See* 164 A.3d at 1184 (Todd, J., concurring).

chemical testing);[3] **Myers**, 164 A.3d at 1169-71; **Krenzel**, 209 A.3d at 1029-31. Under Sections 1547(b)(1) and (2), a person arrested for DUI is entitled to information on his right to refuse testing and the consequence of refusing the test, "so that his choice to take a [chemical] test can be knowing and conscious." **Myers**, 164 A.3d at 1171 (quoting **Department of Transportation v. O'Connell**, 555 A.2d 873 (Pa. 1989)); **Krenzel**, 209 A.3d at 1030 (quoting **Myers**). Absent the opportunity to make a knowing and conscious choice to agree to or refuse chemical testing, consent to a blood draw is not voluntary. **Myers**, 164 A.3d at 1181 n.21 ("the deprivation of the opportunity to make a knowing and conscious choice is dispositive of whether voluntary consent was present").

This Court has accordingly held that failure to advise the arrestee of the right to refuse a blood draw and of the consequences of such a refusal renders the arrestee's consent to the blood draw involuntary as a matter of law. **Krenzel**, 209 A.3d at 1031-32. In **Krenzel**, as here, the defendant was arrested for DUI and gave consent to a blood draw. The trial court found that the defendant was not coerced or threatened, that the officer did not advise her of her right to refuse or the consequences of refusal under the Vehicle

---

[3] Section 1547 has been amended since Appellant's arrest in March 2017. The right to refuse chemical testing, the adverse consequences of license suspension and admission in evidence of the refusal, and the requirement that the officer inform the arrestee of adverse consequences were all in Section 1547 in March 2017. 75 Pa.C.S. § 1547(b)(1), (2), (e) (in effect May 25, 2016 to July 19, 2017).

Code and that the officer "simply asked her for her consent and she freely gave it." *Id.* at 1031 (quoting trial court opinion). This Court held that under such facts the consent was not voluntary and the blood test results must be suppressed. *Id.* at 1031-32. The Court explained:

> [W]e conclude that, in view of Section 1547 and *Myers*, the trial court erred as a matter of law in finding [the defendant's] consent to a blood draw was voluntary. In determining whether [the defendant's] consent was voluntary, the trial court … concluded that while [the defendant] was in custody and not specifically informed of her rights regarding consent, police did not coerce her and she fully cooperated with police, answering all questions and complying with field sobriety tests. However, there is no dispute that the police asked [the defendant] to go to the hospital for a chemical blood test and she complied without receiving a recitation of her rights under DL-26B or Section 1547 or confirming her consent by signature. Because [the police officer] was statutorily obligated to inform [the defendant] of her right to refuse chemical testing and the consequences arising therefrom and failed to effectuate those precautions, [the defendant] did not make a knowing and conscious choice of whether to submit to the blood draw. The choice belonged to [the defendant], not [the police officer]. Thus, while the trial court is correct that the officers did not mislead [the defendant], the record is equally clear that they did not convey the information necessary for her to make an informed decision. As such, we find that the trial court erred as a matter of law in denying suppression.

*Id.* (citations omitted).

The facts found by the trial court concerning Appellant's consent are indistinguishable from *Krenzel*. Here, as in *Krenzel*, it was undisputed that the officer did not give Appellant the statutorily mandated information concerning her right to refuse the blood draw and the consequences of refusal. Trial Court Omnibus Pretrial Motions Opinion, 3/22/18, at 2. Rather, the officer "'simply asked her if she was willing to give a sample of her blood[,]'

- 8 -

and she said yes," and did not tell her that she had any right to refuse. *Id.* (quoting suppression hearing testimony). Appellant's consent to the blood draw was therefore not voluntary and the trial court was required to suppress the blood test results obtained in violation her Fourth Amendment rights. *Krenzel*, 209 A.3d at 1031-32.

The Commonwealth does not dispute that *Krenzel* requires suppression of the blood test results in this case. Rather, it contends that this Court should not apply *Krenzel* on the ground that it was wrongly decided. This argument is without merit. *Krenzel* is a published, precedential opinion of this Court. It has not been overruled or reversed by this Court *en banc* or by our Supreme Court.[4] It is therefore binding on this panel. *Commonwealth v. Romeo*, 153 A.3d 1084, 1090 & n.6 (Pa. Super. 2017); *Commonwealth v. Beck*, 78 A.3d 656, 659 (Pa. Super. 2013); *Sorber v. American Motorists Insurance Co.*, 680 A.2d 881, 882 (Pa. Super. 1996).

The Commonwealth also argues that no constitutionally valid warnings of the right to refuse and consequences of refusal existed at the time of Appellant's arrest in March 2017 because one of the consequences of refusing a blood draw prescribed by the Vehicle Code, increased criminal penalties, was held unconstitutional by *Birchfield* in June 2016 and Section 1547 was not

---

[4] The Commonwealth filed a petition for reargument *en banc* in *Krenzel*, which this Court denied on July 12, 2019, and has filed a petition for allowance of appeal in the Supreme Court, which is presently pending at 432 MAL 2019.

amended to remove the increased criminal penalties until July 2017. This contention likewise fails. The Department of Transportation revised the Vehicle Code warnings within one week of the **Birchfield** decision, long before Appellant's arrest, to remove the reference to the unconstitutional criminal penalties. **Krenzel**, 209 A.3d at 1028; **Commonwealth v. Robertson**, 186 A.3d 440, 442 n.1, 444-45 (Pa. Super. 2018). The fact that the Vehicle Code was not amended at that time did not impair the validity of the revised warning or invalidate blood draw consents pursuant to the revised warning in the period prior to July 2017. **Venable**, 200 A.3d at 496; **Robertson**, 186 A.3d at 445-46, 448.

Because the police did not satisfy their statutory obligation to inform Appellant of her right to refuse the blood draw and the consequences of a refusal, Appellant's consent was not knowing and voluntary. **Krenzel**, 209 A.3d at 1031-32. We therefore hold the trial court erred in denying her motion to suppress the blood test results and, accordingly, vacate her DUI Controlled Substance, Schedule I and DUI Controlled Substance, Metabolite, convictions and judgment of sentence.

Judgment of sentence vacated. Order denying suppression motion reversed. Case remanded for a new trial. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/20/2019