IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J. R.,                                          :
                    Petitioner                  :     No. 601 M.D. 2020
                                                :
            v.                                  :     Submitted: October 10, 2023
                                                :
Commonwealth of Pennsylvania                    :
State Police,                                   :
                    Respondent                  :


*OPINION NOT REPORTED*

MEMORANDUM OPINION
PER CURIAM                                          FILED: November 3, 2023


Before this Court in our original jurisdiction is an Application for Summary Relief (Application)[1] filed by J.R. (Petitioner), proceeding *pro se*, in connection with his petition for review filed against the Pennsylvania State Police (PSP) seeking removal of his name from PSP's sex offender registry pursuant to the Sexual Offender Registration and Notification Act (SORNA), Act of February 21, 2018, P.L. 27, No. 10, *as amended* by the Act of July 12, 2018, P.L. 140, No. 29 (SORNA II).[2]    In support of his claim, Petitioner asserts that because he was "convicted" prior to the enactment of SORNA II or any of its predecessor registration

---

[1] Petitioner filed a "Dispositive Motion, Summary Judgment Motion," but we have treated it as an application for summary relief under Rule 1532(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1532(b).  For summary relief, the record "is the same as a record for purposes of a motion for summary judgment." *Summit School, Inc. v. Department of Education*, 108 A.3d 192, 195-96 (Pa. Cmwlth. 2015).

[2] 42 Pa.C.S. §§ 9799.10-9799.75.

statutes[3], any current registration requirements are inapplicable to him. [4] Petitioner further argues that because his plea agreement does not include any registration

---

[3] As we previously explained in *J.B. v. Pennsylvania State Police*, 288 A.3d 946 (Pa. Cmwlth. 2023):

> [B]eginning in 1995, Pennsylvania's General Assembly [ ] enacted a series of statutes and amendments requiring sex offenders living in the Commonwealth to register for varying periods of time with the [PSP] based on their convictions for certain sexual offenses. The General Assembly enacted the first of these statutes, commonly known as Megan's Law I, *formerly* 42 Pa.C.S. §§ 9791-9799.6, in 1995, followed five years later, in 2000, by what is commonly known as Megan's Law II, *formerly* 42 Pa.C.S. §§ 9791-9799.7. In 2004, the General Assembly enacted what is commonly known as Megan's Law III, *formerly* 42 Pa.C.S. §§ 9791-9799.9, which remained in effect until the enactment of the Sexual Offender Registration and Notification Act (SORNA I), 42 Pa.C.S. §§ 9799.10-9799.41, in 2012. On July 19, 2017, the Pennsylvania Supreme Court decided *Commonwealth v. Muniz*, 640 Pa. 699, 164 A.3d 1189 (2017), in which it held that a portion of SORNA I violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions by increasing registration obligations on certain sex offender registrants. Thereafter, in 2018, to clarify that sex offender registration provisions were not *ex post facto* punishment, the General Assembly enacted SORNA II.

*J.B.* at 948-49. SORNA II has two subchapters. Relevant here is Subchapter I, which applies to individuals who were:

> (1) convicted of a sexually violent offense committed on or after April 22, 1996, but before December 20, 2012, whose period of registration with the Pennsylvania State Police, as described in section 9799.55 (relating to registration), has not expired; or
> (2) required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired.

42 Pa. C.S. § 9799.52.

[4] Petitioner argues that the current registration requirements cannot be applied to him retroactively because his conviction occurred before any registration scheme existed. However, SORNA II specifically provides for using the date of the **triggering offense** rather than the defendant's conviction date for establishing registration requirements. *See* Pa C.S. § 9799.52; *Adams v. Pennsylvania State Police*, 257 A.3d 227, 231 n.4 (Pa. Cmwlth. 2021) ("It is the date on which a

**(Footnote continued on next page…)**

requirements, PSP is violating his plea agreement by requiring him to register. Upon review, we deny Petitioner's Application.

## I. BACKGROUND

On March 13, 1991, prior to the enactment of any iteration of Megan's Law or SORNA, the trial court accepted Petitioner's plea agreement with the Commonwealth, in which Petitioner pled guilty but mentally ill to rape by forcible compulsion[5] for offenses he committed on July 24, 1990. The trial court sentenced Petitioner to 2-10 years' incarceration. Following his mental health evaluation, Petitioner was re-sentenced on August 23, 1994, to 2-10 years' incarceration. In 2002, Petitioner was required by PSP to register for life as a sex offender based on his rape conviction.[6]

Petitioner commenced this action on November 3, 2020, by filing the Petition for Review. Therein, he alleges that because there was no registration scheme in place at the time he committed the offenses on July 24, 1990, applying SORNA II to Petitioner violates the *ex post facto* clauses of the United States and Pennsylvania Constitutions.[7] (Petition for Review at 2.) On October 19, 2022, Petitioner filed the Application and brief in support along with supporting documents, including (1) the two sentencing orders from March 13, 1991, and August 23, 1994, (2) colloquy, and

---

person commits an offense, not the date of arrest or the date of conviction, that determines the applicable law.") Accordingly, for the sake of accuracy, we will use the date of Petitioner's offense in our discussion.

[5] *See* 18 Pa.C.S. § 3121(a)(1).

[6] When Petitioner was paroled in 2002, Megan's Law II was in place. *See J.B.*, 288 A.3d at 948-49.

[7] U.S. Const. art. I, § 10; Pa. Const. art. I, § 17.

(3) transcripts from his sentencing hearing. On April 17, 2023, PSP filed a brief in opposition to Petitioner's Application.

## II. ISSUE

In his Application, Petitioner argues that because there was no registration scheme in effect at the time he committed the offense, the current registration requirements are inapplicable to him. (Petitioner's Amended Br. at 5, 29.) Additionally, Petitioner argues that because his plea agreement is silent to any registration requirements, PSP is violating his plea agreement by requiring him to register. (Petitioner's Amended Br. at 5, 29.) By way of relief, Petitioner requests this Court to direct PSP to remove his name from the statewide sex offender registry. (Application at 2-3; Petitioner's Amended Br. at 3.) Petitioner further requests this Court to expunge his conviction from his record. (Petitioner's Amended Br. at 29, 31; Petitioner's Reply Br. at 3.)

In response, PSP argues that the Pennsylvania Supreme Court has directly addressed Petitioner's claim in *Commonwealth v. Lacombe*, 234 A.3d 602, 605-06 (Pa. 2020) and *T.S. v. Pennsylvania State Police*, 241 A.3d 1091 (Pa. 2020), wherein the High Court determined that SORNA II does not violate the prohibition against *ex post facto* laws. (Respondent's Br. at 4.) Thus, PSP argues that under *Lacombe* and *T.S.*, Petitioner's claim has no merit.

## III. DISCUSSION

This Court may grant an application for summary relief if the party's right to judgment is clear and no material issues of fact are in dispute. *Gregory v. Pennsylvania State Police*, 185 A.3d 1202, 1205 n.5 (Pa. Cmwlth. 2018); Pa.R.A.P. 1532(b). In considering an application for summary relief, the record includes pleadings, depositions, answers to interrogatories, admissions, affidavits, and reports signed by expert witnesses. *Summit School, Inc. v. Department of Education*, 108 A.3d 192, 195-96 (Pa. Cmwlth. 2015). "When ruling on an application for summary relief,

4

we must view the evidence of the record in the light most favorable to the non-moving party and enter judgment only if there is no genuine issue as to any material facts and the right to judgment is clear as a matter of law." *Gregory*, 185 A.3d at 1205 (internal quotation and citation omitted). Because there are no material facts in dispute, we examine whether Petitioner's right to judgment is clear as a matter of law. *Gregory*, 185 A.3d at 1205 n.5; Pa.R.A.P. 1532(b).

Petitioner argues that because the registration requirements were enacted subsequent to the commission of his offense, the current registration requirements cannot be applied to him. (Petitioner's Br. at 5.) Petitioner's argument is unavailing. As PSP correctly asserts, this argument is foreclosed by the Pennsylvania Supreme Court's decision in *Lacombe*, 234 A.2d 602, and *T.S.*, 241 A.3d 109.

In *Lacombe*, the petitioners argued that, because their offenses occurred before Subchapter I of SORNA took effect, its retroactive application constituted an *ex post facto* violation under *Muniz*. *Lacombe*, 234 A.3d at 626-27. However, SORNA II was enacted after *Muniz* to address the constitutional infirmities identified therein. The General Assembly declared its intent that SORNA II is nonpunitive. 42 Pa.C.S. § 9799.51(b)(2). The Pennsylvania Supreme Court held that Subchapter I of SORNA II (related to continued registration for sexual offenders) is nonpunitive and its retroactive application does not violate the constitutional prohibition against *ex post facto* laws. *Lacombe*, at 626-27. Thereafter, in *T.S.*, 241 A.3d at 1091, the Pennsylvania Supreme Court issued a per curiam order reversing the *en banc* decision of this Court and extending the *Lacombe* decision to individuals whose crimes were committed prior to the enactment of any sex offender registration schemes. *See also B.W. v. Pennsylvania State Police*, 252 A.3d 643 (Pa. 2021) (per curiam) (reversing and remanding an *en banc* decision of this Court on the same grounds, *i.e.*, that Subchapter I of SORNA II does not constitute punishment and is not an *ex post facto* law, even as applied to an

offender who committed his triggering offenses before any sex offender registration scheme existed).

Here, Petitioner committed rape by forcible compulsion on July 24, 1990. Upon his parole in 2002, Petitioner was required to register for his lifetime due to his conviction.[8] Although Petitioner is correct that he committed the offense at a time prior to any sex offender registration scheme, the Pennsylvania Supreme Court made it clear that *Lacombe* applies to individuals whose offenses were committed before the enactment of any sex offender registration scheme. *See T.S.*, 241 A.3d at 1091. This Court has applied *Lacombe* and *T.S.* to similarly situated petitioners in several cases. *See*, *e.g.*, *Zweifel v. Pennsylvania State Police* (Pa. Cmwlth., No. 593 M.D. 2018, filed May 24, 2022); *Wetzel v. Pennsylvania State Police* (Pa. Cmwlth., No. 362 M.D. 2018, filed July 14, 2021); *R.O. v. Blocker* (Pa. Cmwlth., No. 256 M.D. 2020, filed May 24, 2021); *Lusik v. Pennsylvania State Police* (Pa. Cmwlth., No. 405 M.D. 2017, filed Jan. 26, 2021).[9] We are bound by the Pennsylvania Supreme Court's ruling in *T.S.* that *Lacombe* applies even if the petitioner's offenses were committed prior to any sex offender registration scheme, as Petitioner's does. Therefore, in light of *Lacombe* and *T.S.*, we conclude that Petitioner's argument fails as a matter of law.

Moreover, we note that to the extent Petitioner argues that his plea agreement was a contract with "the Commonwealth," and PSP violated his plea agreement by imposing registration requirements on him, this argument also fails. In *Dougherty v. Pennsylvania State Police*, 138 A.3d 152 (Pa. Cmwlth. 2016), PSP filed

---

[8] Although PSP does not expressly indicate, we assume without determining that Petitioner's registration period continued up to and through the enactment of SORNA II. Thus, Petitioner would be required to register under SORNA II pursuant to 42 Pa.C.S. § 9799.52(2).

[9] Unreported decisions of this Court issued after January 15, 2008, may be cited for their persuasive value. Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

preliminary objections alleging that the petitioner's contract-based claims failed because PSP was not a party to the plea agreement. In sustaining PSP's preliminary objections, this Court explained that "it is the Commonwealth, acting through the appropriate prosecutor, not the PSP, [that] is a party to the plea agreement." *Id.* at 160. We determined:

> [T]he PSP has *no* duty to inquire into the content or intent of any underlying plea agreement. The PSP is not a party to the plea agreement and disputes over the alleged breach of a plea agreement, and the impact of the plea agreement on a [sex offender's] duty to register with the PSP, are properly resolved through the criminal justice system in the appropriate sentencing court.

*Id.* (emphasis in original). We further explained that, in determining the appropriate period of registration, PSP must comply with the registration terms outlined in the sentencing order. *Id.* at 159-60. Consequently, "if[ ] the sentencing order is silent on the term of registration imposed upon the offender, the PSP must apply the appropriate registration period based on the offense of conviction" under the applicable sex offender statute. *Id.* at 160. Although *Dougherty* was decided shortly before *Muniz*, *Dougherty* continues to remain valid precedent despite recent changes in the landscape of sex offender registration. *See Huu Cao v. Pennsylvania State Police* (Pa. Cmwlth., No. 512 M.D. 2015, filed October 16, 2019); *Huyett v. Pennsylvania State Police* (Pa. Cmwlth., No. 516 M.D. 2015, filed August 17, 2017).

Here, as in *Doughtery*, PSP was not a party to Petitioner's plea agreement. Additionally, Petitioner's plea agreement did not include any reference to sex offender registration because such registration did not exist at the time in 1991. Because Petitioner's breach of contract claim is premised on the terms of his plea agreement, any dispute regarding those terms must involve the Commonwealth, not PSP. Furthermore, because the agreement was silent on the matter of registration, PSP, here,

7

must apply the appropriate registration based on Petitioner's conviction established in 42 Pa.C.S. §§ 9799.15, 9799.55. *See W.W. v. Pennsylvania State Police* (Pa. Cmwlth., No 239 M.D. 2020, filed Jan. 15, 2021); *Doughtery*. Thus, we must reject Petitioner's argument.

## IV.   CONCLUSION

Accordingly, we deny Petitioner's Application.[10]

---

[10] Regarding Petitioner's request to expunge his rape conviction from his criminal record, we note that the Court of Common Pleas is vested with the authority to grant or deny an expungement request under the Criminal History Record Information Act. 18 Pa.C.S. § 9122; *Commonwealth v. M.M.M.*, 779 A.2d 1158 (Pa. Super. 2001). The decision to grant or deny a petition to expunge rests with the sound discretion of the trial court, and the appellate court reviews that court's decision for abuse of discretion. *Commonwealth v. Romeo*, 153 A.3d 1084, 1087 (Pa. Super. 2017). Therefore, Petitioner's request is not properly before the Court in this posture.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J. R.,                                          :
                    Petitioner                  :    No. 601 M.D. 2020
                                                :
              v.                                :
                                                :
Commonwealth of Pennsylvania                    :
State Police,                                   :
                    Respondent                  :

## *PER CURIAM*

## *ORDER*

AND NOW, this 3rd day of November, 2023, Petitioner's Application for Summary Relief, titled as a "Dispositive Motion, Summary Judgment Motion," is hereby DENIED.