J-S23038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PEDRO A. TORRES | : | |
| | : | |
| Appellant | : | No. 3104 EDA 2024 |

Appeal from the Order Entered October 11, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0102581-1973

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PEDRO A. TORRES | : | |
| | : | |
| Appellant | : | No. 3105 EDA 2024 |

Appeal from the Order Entered October 11, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0826421-1981

BEFORE:  STABILE, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED AUGUST 5, 2025**

Pedro Torres ("Torres") appeals from the denial of his petition to expunge his criminal record.  We affirm.

In April 1973, Torres entered a guilty plea to charges of statutory rape and corruption of minors.  In April 1982, Torres was convicted of third-degree murder and two counts of possessing an instrument of crime after stabbing a

man to death at a party; he served a twelve-and-one-half-year term of imprisonment for that conviction.

In 2023, Torres filed petitions for expungement pursuant to Pa.R.Crim.P. 790, asserting "[a]s a result of these arrests and subsequent photographing and fingerprinting, [Torres] has been caused to suffer embarrassment and irreparable harm and loss of job opportunities." *See* Petitions for Expungement, 8/22/23, at 5. Torres also asserted expungement was proper under 18 Pa.C.S.A. § 9122 because he was more than seventy years old and been free from arrest or prosecution for ten years after completing "the sentence." *Id*.

The trial court conducted a hearing on Torres's petitions. Torres's counsel ("Counsel") asserted the statutory rape conviction was for having sexual relations with an underage girl Torres later married, and that the murder occurred when someone he brought to a party molested a child, he and the murder victim agreed to discuss events outside of the house, the victim reached for a gun, and Torres shot him first. *See* N.T, 10/7/24, at 5-6. Counsel also stated Torres was seeking expungement to get a passport and to be able to start a business. *See id*. at 7. The Commonwealth opposed the expungement based on the seriousness of Torres's crimes. The court held the matter under advisement at the conclusion of the hearing but later denied the petitions.

Torres filed motions for reconsideration, which the court also denied. Torres filed notices of appeal[1] and he and the trial court complied with Pa.R.A.P. 1925. Andrew Green, Esquire ("Attorney Green") filed an amicus curaie ("Amicus") brief in support of Torres's petition as permitted by Pa.R.A.P. 531(b).[2]

On appeal, Torres raises the following question for our review:

> Did the [trial court] err in denying [Torres's] petitions for expungement and subsequent motions for reconsideration where the Commonwealth did not meet its burden to present compelling evidence that expungement should be denied, and [sic] presented evidence of the harm of record maintenance on [Torres] vastly outweighed any interest of the Commonwealth in maintenance of the records, stated or unstated[?]

Torres's Brief at 5.

The portion of the expungement statute applicable to the expungement of criminal convictions provides:

> **(b) Generally.**--Criminal history record information may be expunged when:
>
> (1) An individual who is the subject of the information reaches 70 years of age and has been free of arrest or prosecution for ten years following final release from confinement or supervision.

---

[1] Torres's notice of appeal was filed one day out of time. However, the trial court docket does not indicate the date of service or the parties served. Under those circumstances, we regard the time in which to take an appeal as never having started to run and treat the appeal as timely. *See Commonwealth v. Midgely*, 289 A.3d 1111, 1117 (Pa. Super. 2023).

[2] We granted the Commonwealth's motion to consolidate the cases on appeal pursuant to Pa.R.A.P. 513. *See* Order, 4/8/25.

18 Pa.C.S.A. § 9122.

The decision to grant or deny expungement rests in the trial court's sound discretion; this Court will not reverse an expungement decision absent an abuse of discretion. *See Commonwealth v. Romeo*, 153 A.3d 1084, 1087 (Pa. Super. 2017) (recognizing that expungement is not mandatory under Section 9122(b)(1)). *See also Commonwealth v. Giulian*, 141 A.3d 1262, 1267 (Pa. 2016) (stating "the permissive language of Section 9122 . . . clearly vests discretion in the [trial] court[.]"). An abuse of discretion will not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous. *See Commonwealth v. Lehman*, 275 A.3d 513, 518-19 (Pa. Super. 2022).

An individual acquitted of an offense is entitled to automatic expungement of the charge. *See Commonwealth v. Adams*, 317 A.3d 639, 643 (Pa. Super. 2024). However, an individual who has been **convicted** of the offense charged may be granted expungement only under very limited circumstances. *See Commonwealth v. Adams*, 317 A.3d 639, 643 (Pa. Super. 2024); *Romeo*, 153 A.3d at 1087. *See also Commonwealth v. Charnik*, 921 A.2d 1214, 1220 (Pa. Super. 2007) (original emphasis) (stating the "expungement continuum" ranges from illegal commitments to non-conviction or arrest records to "conviction records, where there is no right of expungement except *by statutory authorization* in limited circumstances");

*Commonwealth v. Furrer*, 48 A.3d 1279, 1281 (Pa. Super. 2012) (observing the expungement of a criminal record is a right "adjunct to due process," while expungement of a conviction is governed by statute and granted "only under very limited circumstances"); *Commonwealth v. Maxwell*, 737 A.2d 1243, 1244 (Pa. 1999) (recognizing the differing standards applicable to the expungements of convictions as opposed to arrests that resulted in acquittals or did not result in convictions); *Commonwealth v. Wolfe*, 749 A.2d 507, 508 (Pa. Super. 2000) (same).

Torres divides his argument into three parts. He first asserts that in *Commonwealth v. Wexler*, 431 A.2d 877 (Pa. 1981), the Pennsylvania Supreme Court stated the Commonwealth bears the burden to present "compelling evidence" to justify retention of a petitioner's record and required trial courts to balance an individual's right to be free from the harm of the arrest record against the Commonwealth's interests in preserving those records. *See* Torres's Brief at 8-9. Torres next asserts the trial court failed to give appropriate weight to the factors *Wexler* identified as relevant to expungement. *See id*. at 12-15. Finally, Torres asserts the trial court relied on old case law and failed to properly evaluate the evidence supporting expungement. *See id*. at 15-17.

The trial court recognized 18 Pa.C.S.A. § 9122 governed Torres's expungement petition. However, it then assessed the petition using the

*Wexler* factors[3] and found they favored retention of Torres's criminal records: it found the Commonwealth had strong evidence of Torres's guilt of statutory rape and murder as evidenced by guilty plea in one case and conviction in the other. It additionally found the severity of the crimes favored retention of records of Torres's convictions. The court also stated there was no evidence that the denial of expungement would adversely affect Torres's life. In the court's view, those factors outweighed the factors favoring expungement: Torres's age and the length of time between the arrests and the filing of the petition. *See* Trial Court Opinion, 1/10/25, at 4-5.[4]

Amicus additionally asserts that *Giulian*, *supra* at 1271, states that a court should consider the *Wexler* factors in determining whether to expunge convictions. *See* Amicus Brief at 6. Amicus also argues that when considering the expungement of criminal records, the trial court must balance the competing interests involved as presented by the parties, *see id*. (citing *Commonwealth v. Malone*, 366 A.2d 584, 589 (Pa. Super. 1976)), and the

_____

[3] Those factors include: (1) the strength of the Commonwealth's case against the petitioner, (2) the petitioner's age, (3) the petitioner's criminal record and employment history, (4) the time between the arrest and the petition to expunge, and (5) the specific adverse consequences the petitioner may endure if not granted relief. *See Wexler*, 431 A.2d at 879.

[4] On appeal, Torres acknowledges that more than one decade after his murder conviction, he was also convicted of possession of a controlled substance with intent to deliver and received a three-to-six-year term of imprisonment for that offense. *See* Torres's Brief at 13-14 and n.1.

court must balance the Commonwealth's **stated** interest against the petitioner's interest, **see id**. at 6-7 (citing **Commonwealth v. Rank**, 459 A.2d 369, 372 (Pa. Super. 1983)).

We conclude the trial court did not abuse its discretion denying relief, although we do so for reasons other than those cited by the trial court.[5]

Both Torres and Amicus misread the law. **Wexler** applies to the expungement of an **arrest record**, not a criminal conviction. **See Wexler**, 431 A.2d at 880. Torres sought to expunge two **criminal convictions**, so 18 Pa.C.S.A. § 9122(b), not **Wexler**, governed the adjudication of his petition. **See** 18 Pa.C.S.A. § 9122(b)(1); **Adams**, 317 A.3d at 643; **Romeo**, 153 A.3d at 1087; **Charnik**, 921 A.2d at 1220; **Furrer**, 48 A.3d at 1281; **Maxwell**, 737 A.2d at 1244 (recognizing the differing standards applicable to the expungements of convictions as opposed to arrests that resulted in acquittals or did not result in convictions). Because Torres's entire argument is predicated on the alleged misapplication of **Wexler**, his claim fails.

Even if Torres had argued his entitlement to expungement under Section 9122(b)(1), his claim would fail. As noted, Section 9122(b)(1) expungement is permissive, not mandatory, and within the trial court's discretion. Torres committed two very serious crimes, including murder, as well as a third felony

---

[5] It is well-settled that where the result is correct, we may affirm a lower court's decision on any proper ground without regard the ground upon which the lower court relied. **See Lehman**, 275 A.3d at 520 n.5 (Pa. Super. 2022).

unknown to the trial court (*see* footnote 4). He supplied the trial court with nothing other than his age and his counsel's assertions concerning the circumstances of his commission of murder[6] to demonstrate the trial court abused its discretion by denying relief.[7]

We are unable to conclude the court abused its discretion by declining to find Torres, whose convictions of statutory rape and murder, established the "very limited circumstances" that would entitle him to expungement of his serious criminal record.

Order affirmed.

Judge Murray joins this decision.

Judge Stabile concurs in the result.

_____

[6] Counsel's factual averments that Torres committed the murder because the victim was about to draw a weapon are statements of counsel, not facts of record, and moreover contradict the facts that supported Torres's conviction of third-degree murder. **See Commonwealth v. Judy**, 978 A.2d 1015, 1028 (Pa. Super. 2009).

[7] Amicus's arguments are also unavailing. **Giulian** addresses the expungement of a **summary offense** under 18 Pa.C.S.A. § 9122(b)(3). **See Guilian**, 141 A.3d at 1264; 18 Pa.C.S.A. § 9122(b)(3)(ii) (stating "[e]xpungement under this paragraph shall only be permitted for a conviction of a summary offense"). Neither statutory rape nor murder is a summary offense, and Torres's petition is governed by Section 9122(b)(1). **Giulian** is therefore inapposite. Further, **Malone** and **Rank**, which Amicus claims governed the procedure in this case, both address the procedures governing the expungement of **arrest records** rather than **convictions** and are also inapposite. **See Malone**, 366 A.2d at 589; **Rank**, 459 A.2d at 372.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/5/2025