J-S33036-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ADAM LENARD SWAN | : | |
| | : | |
| Appellant | : | No. 289 MDA 2023 |

Appeal from the PCRA Order Entered January 18, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004687-2017

BEFORE:  OLSON, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                **FILED: FEBRUARY 11, 2025**

Appellant Adam Lenard Swan appeals *pro se* from the order denying his timely first petition for relief in the Post Conviction Relief Act[1] (PCRA). Appellant argues that all prior counsel were ineffective.  After review, we affirm.

The record reveals that on June 5, 2017, Officer  Zachary  Pelton  and Officer  Stephen  Aderhold  of  the  York  City  Police  Department  were investigating a report of gunshots near McKinley Elementary School.  ***See*** N.T. Trial, 3/15-16/18, at 85-86; Compl. (Aff. of Probable Cause), 6/5/17, at 1. Officers Pelton and Aderhold drove to the area of the 200 block of Hersh Avenue to look for the shooter. ***See*** N.T. Trial, 3/15-16/18, at 86; Compl. (Aff. of Probable Cause), 6/5/17, at 1.   While  driving  through  the  area  in  an

---

[1] 42 Pa.C.S. §§ 9541-9546.

unmarked police vehicle, the officers observed Appellant walking out of a garage. *See* N.T. Trial, 3/15-16/18, at 86, 98. Although the police vehicle was unmarked, Officer Pelton testified that he believed that Appellant recognized the car was a police vehicle because the officer was wearing a tactical vest bearing the word "Police" on it, and the vehicle had a large visible computer screen and radio. *See id.* at 86. Both officers testified that when Appellant saw the police vehicle he became nervous and froze. *See id.* at 86; 99. The officers stopped and exited the car, and they asked Appellant if he lived in the area. *See id.* at 87. Appellant answered in the negative, but he stated that his friend lived nearby. *See id.*

During the conversation, Officer Pelton noticed a bulge in the pocket of Appellant's hoodie. *See id.* at 88. Officer Pelton testified that for purposes of officer safety, he asked Appellant if he could pat him down, and Appellant said no, but he raised his hands. *See id.* at 88-89. At this point, Officer Aderhold observed a baggie of suspected marijuana in the pocket of Appellant's hoodie, and he informed Officer Pelton that Appellant had a "situation," which was a code used by the officers to indicate that a suspect needed to be arrested. *See id.* 100-01. Officer Pelton directed Appellant to turn around and place his hands behind his back. Appellant complied and Officer Pelton then observed the bag of suspected marijuana protruding from the pocket of Appellant's hoodie. *Id.* at 88-89.

Officer Aderhold told Appellant that he was placing him under arrest, and the officers attempted to arrest Appellant. *See id.* at 89-90. However,

- 2 -

Appellant resisted and fought with the officers. *See id.* at 89-92. During the struggle, that Appellant tried to grab Officer Aderhold's TASER. *See id.* at 101-02. Officer Aderhold testified that during the physical confrontation, Appellant caused the TASER to deploy, and both officers and Appellant felt the electric current from the TASER. *See id.* at 103. Appellant was ultimately arrested and searched, and the officers found baggies of suspected marijuana and cocaine in Appellant's pockets. *See id.* at 90-92; 103-104. At trial, the parties stipulated that laboratory testing would have confirmed that Appellant possessed marijuana and cocaine. *See id.* at 129-30.[2]

At trial, Appellant was represented by Jennifer M. Smith, Esq. (trial counsel). Following a jury trial, Appellant was convicted of one count each of aggravated assault, resisting arrest, possession of cocaine, possession with intent to deliver (PWID) cocaine, and possession of a small amount of marijuana.[3] *See* N.T. Trial, 3/15-16/18, at 232. On April 27, 2018, the trial court sentenced Appellant to an aggregate sentence of five to ten years of

_____

[2] In Appellant's direct appeal, this Court concluded that there was no error in the trial court's conclusion that the officers' interaction with Appellant was a mere encounter and that there was no error in the trial court's denial of Appellant's suppression motion. *See Commonwealth v. Swan*, 1649 MDA 2018, 2019 WL 6705014, at *4 (Pa. Super. filed Dec. 9, 2019) (*Swan II*) (unpublished mem.). We note that in this appeal, Appellant has not presented any challenge involving his arrest or the search.

[3] *See* 18 Pa.C.S. §§ 2702(a)(3), 5104, 35 P.S. § 780-113(a)(16), (30), and (31), respectively.

incarceration. *See* N.T. Sentencing Hr'g, 4/27/18, at 11-14.[4] Appellant filed post-sentence motions, which the trial court denied.

On direct appeal, Appellant was represented by William H. Graff, Esq. (direct appeal counsel), who filed a petition to withdraw and an *Anders*/*Santiago*[5] brief. After review, this Court concluded that direct appeal counsel failed to comply with all the requirements of *Anders* and *Santiago*, denied the petition to withdraw, and remanded for direct appeal counsel to file an advocate's brief or a brief in compliance with *Anders* and *Santiago*. *See Commonwealth v. Swan*, 1649 MDA 2018, 2019 WL 4525687, at *3 (Pa. Super. filed Sept. 19, 2019) (*Swan I*) (unpublished mem.).

Following remand, direct appeal counsel filed a brief in compliance with *Anders* and *Santiago*, and a petition to withdraw. *See Swan II*, 2019 WL 6705014, at *4. In the *Anders* brief, direct appeal counsel identified an issue challenging the weight of the evidence and another issue challenging the trial court's pre-trial order denying Appellant's suppression motion. The *Swan II* Court concluded that the issues identified by direct appeal counsel were

---

[4] Specifically, the trial court sentenced Appellant to a term of twenty-seven to fifty-four months of incarceration for aggravated assault, a concurrent term of nine to eighteen months of incarceration for resisting arrest, and a consecutive term of thirty-three to sixty-six months of incarceration for PWID. The trial court also imposed a sentence of fifteen to thirty days of incarceration for possession of a small amount of marijuana to be served concurrently with the sentence for PWID. The possession of cocaine charge merged with PWID for sentencing purposes. *See* N.T. Sentencing Hr'g, 4/27/18, at 11-14.

[5] *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

- 4 -

frivolous. *See id.* The *Swan II* Court further stated that after its independent review of the record, there were no non-frivolous arguments available to Appellant, affirmed Appellant's judgment of sentence, and granted direct appeal counsel's petition to withdraw. *See id.*

On December 20, 2020, Appellant filed a timely first PCRA petition.[6] The PCRA court appointed the York County Public Defender to represent Appellant. *See* PCRA Ct. Order, 1/27/21. Garrison J. Crow, Esq. (PCRA counsel), of the Office of the York County Public Defender, ultimately entered his appearance and filed amended petitions on Appellant's behalf.

On December 20, 2021, the PCRA court filed a Pa.R.Crim. 907 notice of intent to dismiss Appellant's petition, which the PCRA court ultimately dismissed on January 18, 2023.

---

[6] Appellant's judgment of sentence became final pursuant to the PCRA, on January 8, 2020, thirty days after this Court affirmed Appellant's judgment of sentence on December 9, 2019, and the time for filing a petition for allowance of appeal expired. *See* 42 Pa.C.S. § 9545(b)(3); *see also* Pa.R.A.P. 1113(a) (providing that an appellant has thirty days to file a petition for allowance of appeal with our Supreme Court). Accordingly, Appellant had to file his PCRA petition on or before January 8, 2021, one year from January 8, 2020. *See* 42 Pa.C.S. § 9545(b)(1). Appellant's PCRA petition was not filed in the trial court until January 20, 2021. However, "[t]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." *Commonwealth v. DiClaudio*, 210 A.3d 1070, 1074 (Pa. Super. 2019) (citation omitted and formatting altered). Here, the PCRA court concluded that cash slips indicate that Appellant placed his PCRA petition in the prison mail on December 20, 2020. *See* PCRA Ct. Order, 8/30/21. Accordingly, Appellant's first PCRA petition was timely filed on December 20, 2020. *See DiClaudio*, 210 A.3d at 1074.

Appellant filed a timely appeal. PCRA counsel filed a court-ordered Pa.R.A.P. 1925(b) statement asserting that counsel was ineffective for failing to raise a *Batson*[7] challenge on direct appeal. *See* Rule 1925(b) Statement, 3/17/23, at 1-2. The PCRA court filed a Rule 1925(a) opinion addressing Appellant's claim. *See* PCRA Ct. Op., 3/20/23.

While this appeal was pending, Appellant filed in this Court a motion to terminate counsel and proceed *pro se*. *See* Appellant's Mot. to Proceed *Pro Se*, 6/13/23. PCRA counsel subsequently filed an application to stay the briefing schedule and requested that this Court remand the matter for the PCRA court to conduct a *Grazier*[8] hearing, which this Court granted. On September 8, 2023, the PCRA court informed this Court that it held a *Grazier* hearing, and that following a colloquy, the PCRA court determined that Appellant knowingly, intelligently, and voluntarily waived his right to counsel and would proceed *pro se*. *See* PCRA Ct. Resp. to Order, 9/8/23.

On September 27, 2023, Appellant filed a *pro se* motion in the PCRA court requesting to file an amended Rule 1925(b) statement. On November 6, 2023, this Court vacated the briefing schedule and directed the PCRA court to determine whether Appellant should be permitted to amend or supplement his Rule 1925(b) statement. *See* Order, 11/6/23 (citing Pa.R.A.P. 1925(b)(2)(i) (providing that, in extraordinary circumstances, the trial court

_____

[7] *See Batson v. Kentucky*, 476 U.S. 79 (1986).

[8] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

- 6 -

may allow for the filing of an amended or supplemental concise statement *nunc pro tunc*). On December 21, 2023, the PCRA court denied Appellant's motion to file an amended Rule 1925(b) statement. On January 11, 2024, Appellant filed in this Court a "motion to compel" seeking permission to file an amended Rule 1925(b) statement. On June 4, 2024, this Court denied Appellant's motion to compel and ordered Appellant to file his appellate brief on or before July 5, 2024.

In his *pro se* brief on appeal, Appellant presents the following issues:

1. Whether the [PCRA] court erred in denying . . . Appellant's claim of a **Batson** violation without a PCRA hearing despite the fact that the issue was preserved on the record and as to whether attorney William H. Graff was ineffective for failing to raise the preserved issue on direct appeal?

2. Whether the [PCRA] court erred in denying . . . Appellant's claim that attorney Jennifer M. Smith was in[]effective for failing to call Officer Jeffrey Gilliland as a witness and for failing to hold a hearing regarding this issue when in fact this did and does raises a genuine issue of material fact?

3. Whether the [PCRA] court erred in denying . . . Appellant's claim that attorney William H. Graff was ineff[e]ctive for failing to file a required brief for Appellant's post-sentence motion, and failing to hold a hearing in regard[] to this issue when in fact this did and does raises a genuine issue of material [fact]?

4. Whether Attorney Garrison Crow is ineffective for not filing the claims of ineffective assistance against Jennifer M. Smith for failing to call Officer Jeffrey Gilliland as a witness, along with 911 callers Steven Knaub, and Candi McDonald when their testimonies were of genuine issue and of material fact. Also for the claim of ineffective assistance against Attorney William H. Graff for failing to file a **Batson** claim that was preserved on the record for not filing a post[-]sentence motion brief that was requested by the trial court[] for the possible conflict of interest as this attorney prosecuted . . . Appellant when he was a district attorney, twice. There[]by making this a layered

claim of ineffective assistance of counsel towards all the three counsels?

Appellant's Brief at 3-4 (formatting altered).

The standard of review we apply when reviewing a challenge to an order dismissing a PCRA petition is as follows:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted). A PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." *Commonwealth v. Wholaver*, 177 A.3d 136, 144-45 (Pa. 2018) (citations omitted). Further, we note that:

> Counsel is presumed to be effective and it is a petitioner's burden to overcome this presumption by a preponderance of the evidence. To succeed on a claim of ineffective assistance of counsel, a petitioner must establish three criteria: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable basis for his or her action or inaction; and (3) that petitioner was prejudiced as a result of the complained-of action or inaction. The failure to satisfy any one of these criteria is fatal to the claim. To establish prejudice in the context of this standard, a petitioner must establish that there is a reasonable probability that the result of the proceeding would have been different but for the complained-of conduct.

*Commonwealth v. Thomas*, 323 A.3d 611, 620-21 (Pa. 2024) (citations omitted). Finally, it is well settled that counsel is not ineffective for failing to raise a meritless claim. *See Commonwealth v. Spotz*, 896 A.2d 1191, 1210 (Pa. 2006).

### *Batson* Claim

In his first issue, Appellant argues that direct appeal counsel was ineffective for failing to argue a *Batson* challenge on direct appeal.[9] Appellant's Brief at 7. Appellant asserts that the Commonwealth used peremptory challenges to remove persons of color from the venire, which indicated purposeful discrimination. *See id.* at 8-9. Appellant argues that trial counsel raised a *Batson* challenge at trial, and the trial court concluded that there was no *Batson* violation. Appellant contends that direct appeal counsel was ineffective for failing to argue the issue on appeal. *Id.* at 11-12.

> The PCRA court addressed this issue as follows:
>
> [Appellant] contends that [direct appeal c]ounsel was ineffective for failing to raise the issue of a *Batson* challenge on appeal.
>
> When a defendant makes a *Batson* challenge during jury selection:
>
>> First, the defendant must make a prima facie showing that the circumstances give rise to an inference that the prosecutor struck one or more prospective jurors on account of race; second, if the prima facie showing is made, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the juror(s) at issue; and third, the

---

[9] As noted above, while Appellant was represented by PCRA counsel, he filed a Rule 1925(b) statement preserving this issue. *See* Rule 1925(b) Statement, 3/17/23, at 1-2.

trial court must then make the ultimate determination of whether the defense has carried its burden of proving purposeful discrimination.

*Commonwealth v. Murray*, 248 A.3d 557, 567 (Pa. Super. 2021) (citation omitted). "The [t]rial [c]ourt should consider the totality of circumstances when determining whether the prosecutor acted with discriminatory intent." *Id.* (citation omitted). Furthermore, "[a] criminal defendant may object to race-based exclusions of jurors effected through peremptory challenges whether or not the defendant and the excluded juror share the same races." *Id.* (quoting *Powers v. Ohio*, 499 U. S. 400, 402 (1991)).[10]

In the instant case, [Appellant's] contention pertains to two specific jurors, numbers 307 and 385, that were the subject of a *Batson* challenge by [t]rial [c]ounsel. (N.T., 3/15[-16]/18, page 54). During voir dire, the following question was asked of the panel:

> Does anybody feel more strongly about marijuana, whether one way or the other, whether you think it's devil's lettuce and it should be illegal, or it should be legal and smoke it every day. Anybody have strong feelings whatsoever?

[*Id.* at 35]. Juror # 307, an African-American juror, responded that he thinks it should be legal. [*Id.* at 36]. The prosecutor indicated that he did not note this prospective juror's race on his legal pad. [*Id.* at 55]. The prosecutor's explanation for striking this prospective juror was that "he thought that marijuana should be legalized." [*Id.*]. The prosecutor recognized that the prospective juror did not believe that that would affect his ability to be fair and impartial, but believed that it "could be in the back of his mind, and his attitude towards drugs could be affected by that attitude." [*Id.* at 35]. The [trial c]ourt found this explanation to be credible, especially in light of the fact that [Appellant] was charged with [PWID m]arijuana.

---

[10] Further, we note that: "[a] *Batson* claim presents mixed questions of law and fact. Therefore, our standard of review is whether the trial court's legal conclusions are correct and whether its factual findings are clearly erroneous. The ultimate burden of persuasion regarding racial motivation rests with the opponent of the strike." *Murray*, 248 A.3d at 567 (citations omitted and formatting altered).

Moreover, two other jurors (numbers 280 and 420) also expressed an opinion that marijuana should be legalized. [*Id.* at 35, 36]. Both these jurors were stricken for cause by the Commonwealth and by the [d]efense. [*Id.* at 51]. The prosecutor explained that he was "not certain if we're going to still be proceeding on the [PWID] marijuana charge,[11] but nonetheless possession of the marijuana is part of the facts in this case. That's what led to the sequence of events that led to the apprehension of [Appellant]." [*Id.* at 50-51]. The [trial c]ourt determined that the explanation tendered by the prosecution was race-neutral.

In regard to Juror # 385, the prospective juror was not African-American, but instead was Hispanic. [*Id.* at 55]. The prosecutor indicated that he did not note this prospective juror's race on his legal pad. [*Id.*]. The prosecutor's explanation for striking this prospective juror was that

> I did note that on the questionnaire, the written questionnaire, she checked the affirmative response for paragraph eight, then wrote parenthetically that the person she knew in law enforcement was in child support advocacy.

[*Id.* at 55-56]. The prosecutor further explained that he sees that "as a more liberal type of profession that might be more significant [sic] (sympathetic?) to a [d]efendant as opposed to law enforcement." [*Id.* at 56]. [Appellant] contends that this explanation is incredible, since it is not the juror's occupation the prosecutor deemed to be too liberal.

However, "[t]he second prong of the *Batson* test, involving the prosecution's obligation to come forward with a race neutral explanation of the challenges once a prima facie case is proven, 'does not demand an explanation that is persuasive, or even plausible.'" *Commonwealth v. Williams*, 980 A.2d 510, 529 (Pa. 2009) (citation omitted). "Rather, the issue at that stage 'is the facial validity of the prosecutor's explanation. Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral.'" *Id.* (citation omitted).

---

[11] Ultimately, at the start of Appellant's jury trial and without objection from Appellant, the Commonwealth amended the information and withdrew the charge of PWID marijuana. *See* N.T. Trial, 3/15-16/18, at 62.

In the instant case, the [c]ourt did not find a discriminatory intent inherent in the prosecutor's explanation, but instead found the facial validity of the prosecutor's justification for the peremptory strike to be credible and race neutral.

Given the foregoing, [Appellant] has failed to prove purposeful discrimination by the prosecutor during jury selection. Because the **Batson** claim is without merit, [direct appeal c]ounsel was not ineffective for failing to raise that claim on direct appeal. (Counsel cannot be deemed ineffective for failing to raise a meritless claim).

PCRA Ct. Rule 907 Notice, 12/20/22, at 2-4 (formatting altered).

After review, we discern no error of law and conclude that the PCRA court's findings are supported by the record. **See Thomas**, 323 A.3d at 620-21; **Staton**, 184 A.3d at 954. Further, because Appellant's claim lacks merit, neither PCRA counsel nor direct appeal counsel can be deemed ineffective for failing to pursue this claim. **See Spotz**, 896 A.2d at 1210. Accordingly, Appellant is not entitled to relief on this issue.

### *Bradley* Claims

Appellant's remaining issues are interrelated, and we address them together. Technically, Appellant's second and third issues concerning trial counsel and direct appeal counsel's alleged ineffectiveness would be waived because Appellant failed to raise them before the PCRA court. **See Commonwealth v. Carr**, 227 A.3d 11, 18 (Pa. Super. 2020); Pa.R.A.P. 302(a). However, in his fourth issue, Appellant incorporates his second and third issues as layered claims of PCRA counsel's ineffectiveness. Therefore, these issues are not waived. "Where a petitioner alleges multiple layers of ineffectiveness, he is required to plead and prove, by a preponderance of the

- 12 -

evidence, each of the three prongs of ineffectiveness relevant to each layer of representation." **Commonwealth v. Parrish**, 273 A.3d 989, 1004 n.11 (Pa. 2022) (citation omitted). To be eligible for relief on layered claims of ineffective assistance of counsel, the petitioner must plead and prove that:

> (1) trial counsel was ineffective for a certain action or failure to act; and (2) [subsequent] counsel was ineffective for failing to raise trial counsel's ineffectiveness. As to each relevant layer of representation, [a petitioner] must meet all three prongs of the **Pierce**[12] test for ineffectiveness. A failure to satisfy any of the three prongs of the **Pierce** test requires rejection of a claim of ineffective assistance of trial counsel, which, in turn, requires rejection of a layered claim of ineffective assistance of [subsequent] counsel.

> Thus, if the petitioner cannot prove the underlying claim of trial counsel ineffectiveness, then petitioner's derivative claim of [subsequent] counsel ineffectiveness of necessity must fail, and it is not necessary for the court to address the other two prongs of the **Pierce** test [*i.e.*, the reasonable basis and prejudice prongs] as applied to [subsequent] counsel.

**Commonwealth v. Chmiel**, 30 A.3d 1111, 1128 (Pa. 2011) (citations omitted and formatting altered).

Further, Appellant's fourth issue was also not raised before the PCRA court, and we reiterate that, generally, issues not raised in the PCRA court and in a Rule 1925(b) statement are waived on appeal. **See Carr**, 227 A.3d

---

[12] **See Commonwealth v. Pierce**, 527 A.2d 973, 975-76 (Pa. 1987) (explaining that to succeed on a claim asserting the ineffective assistance of counsel, the petitioner must establish: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction); **see also Thomas**, 323 A.3d at 620-21 (same).

at 18; Pa.R.A.P. 302(a), 1925(b)(4)(vii). However, our Supreme Court has adopted a rule permitting PCRA petitioners to "raise claims of ineffective [assistance of] PCRA counsel at the first opportunity, even if on appeal." *Commonwealth v. Bradley*, 261 A.3d 381, 405 (Pa. 2021). This Court has held that *Bradley* permits review of an allegation of PCRA counsel's ineffectiveness, even if it is raised for the first time on appeal. *See Commonwealth v. Branthafer*, 315 A.3d 113, 122 (Pa. Super. 2024) (stating that "a petitioner may raise an ineffective assistance of initial-PCRA counsel claim at the first opportunity to do so, either via new PCRA counsel or *pro se*, even if raised for the first time on appeal" (citation omitted)).

Here, Appellant's first opportunity to raise PCRA counsel's ineffectiveness would have been to state these claims in an amended Pa.R.A.P. 1925(b) statement. However, the PCRA court denied Appellant's request to file his amended Pa.R.A.P. 1925(b) statement. Therefore, Appellant's first opportunity to raise PCRA counsel's ineffectiveness would have been to include his claims in his *pro se* appellate brief filed with this Court. Appellant's fourth issue consists of layered claims that include his second and third appellate issues alleging PCRA counsel's failure to raise trial counsel and direct appeal counsel's ineffectiveness for failure to call certain witnesses and file post sentence motions. As we have discussed, Appellant's first opportunity to raise PCRA counsel's ineffectiveness would have been to raise these claims in his *pro se* appellate brief after the PCRA court denied his request to amend his Pa.R.A.P. 1925(b) statement. Accordingly, these issues

- 14 -

are not waived, therefore we will address Appellant's layered claims of attorney ineffectiveness. **See Bradley**, 261 A.3d at 405; **Chmiel**, 30 A.3d at 1128; **Branthafer**, 315 A.3d at 122.

First, we address Appellant's claim that PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness for failing to call Officer Jeffrey Gilliland, as well as Steven Knaub and Candi McDonald, who were the two individuals who called 911 to report a shooting in the area, as witnesses at Appellant's suppression hearing. **See** Appellant's Brief at 4, 13-22. Appellant claims that these witnesses would have testified that Appellant was not involved in the nearby shooting. **See id.** at 16.

In order to succeed on a claim that counsel was ineffective for failing to call a witness, a petitioner must prove that

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

**Commonwealth v. Treiber**, 121 A.3d 435, 464 (Pa. 2015) (citation omitted).

Before reaching the factors set forth in **Treiber**, we first determine whether Appellant has satisfied the prejudice prong of the test for ineffective assistance of counsel. **See Thomas**, 323 A.3d at 621. The record reflects that there was a report of gunshots in the area where police officers Aderhold and Pelton encountered Appellant. **See** N.T. Trial, 3/15-16/18, at 85-86;

- 15 -

Compl. (Aff. of Probable Cause), 6/5/17, at 1. The officers searched the area in their vehicle looking for the shooter, when Appellant was observed exiting a garage in the area. Subsequently, both officers exited their vehicle and Officer Pelton approached Appellant, engaged him in a brief conversation during which the officer saw a bulge in Appellant's hoodie pocket, which led to a pat down for officer safety during which Officer Pelton observed a baggie of marijuana in Appellant's hoodie. Officer Aderhold told Appellant that he was under arrest, and Appellant began resisting which resulted in Officer Aderhold deploying his TASER, and Appellant attempted to wrest the TASER away from the officer. Ultimately, the officers were able to subdue Appellant and arrest him. Several baggies of cocaine and marijuana were recovered from Appellant's person, and he was charged accordingly. Therefore, even if any witnesses testified at trial that Appellant was not involved in a nearby shooting incident, that testimony would not have changed the outcome of his convictions in the instant case because the instant charges have nothing to do with a report of gun shots fired. Therefore, Appellant's claims are meritless, and PCRA counsel was not ineffective for failing to raise trial counsel's ineffectiveness for failing to call certain witnesses concerning a reported shooting at Appellant's suppression hearing. Because Appellant's claim lacks merit, neither PCRA counsel nor trial counsel can be deemed ineffective for failing to pursue this claim. *See Spotz*, 896 A.2d at 1210; *see also Thomas*, 323 A.3d at 621. Further, Appellant cannot satisfy the factors set forth in *Treiber*. *See Treiber*, 121 A.3d at 464. Appellant has not established that

any of these witnesses would have testified for the defense. Moreover, the absence of these witnesses caused no prejudice to Appellant because their testimony was not relevant to Appellant's charges and convictions, and therefore, Appellant cannot establish that the failure to call these witnesses denied him a fair trial. *See id.* On this record, Appellant's *Bradley* claims fail and no relief is due.

Next, we address Appellant's claim that PCRA counsel was ineffective because he did not challenge trial counsel and direct appeal counsel's failure to file a brief in support of Appellant's post-sentence motions in the trial court. *See* Appellant's Brief at 23-26. Appellant asserts that trial counsel filed a post-sentence motion, but that direct appeal counsel failed to file a brief in support of the post-sentence motion, which resulted in waiver of Appellant's challenge to the discretionary aspects of his sentence on direct appeal. *See id.* at 23. Although the underlying issue involves the discretionary aspects of Appellant's sentence, "claims implicating the discretionary aspects of sentencing raised in the context of an ineffectiveness claim are cognizable under the PCRA." *Commonwealth v. Sarvey*, 199 A.3d 436, 455 (Pa. Super. 2018) (citations omitted).

Specifically, Appellant asserts that while he possessed 13.88 grams of powder cocaine and 1.62 grams of crack cocaine at the time of his arrest, he should have only be sentenced for PWID on the 1.62 grams of crack cocaine, which would alter his offense gravity score. Appellant's Brief at 25. Appellant

argues that the 13.88 grams of powder cocaine should not be considered in his PWID sentence. *See id.*

It is well settled that "[i]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." ***Commonwealth v. Westlake***, 295 A.3d 1281, 1286 n.8 (Pa. Super. 2023) (citations omitted and some formatting altered). "It is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim. Further, this Court will not become counsel for an appellant and develop arguments on an appellant's behalf." ***Commonwealth v. Samuel***, 102 A.3d 1001, 1005 (Pa. Super. 2014) (citations omitted); ***see also Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017) (stating that "[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit"). An appellant's failure to adequately develop an argument results in waiver of the claim. ***Commonwealth v. Romeo***, 153 A.3d 1084, 1090-91 (Pa. Super. 2017); ***see also*** Pa.R.A.P. 2119(c).

After review, we are constrained to conclude that Appellant has failed cite to the place in the record supporting his conclusion that he was convicted of PWID for the 1.62 grams of crack cocaine but not the 13.88 grams of powder cocaine. Appellant includes no citations to the record and fails to provide any citation to relevant legal authority. Accordingly, we conclude that

Appellant's claim is waived for lack of development. *See Samuel*, 102 A.3d at 1005; *see also Romeo*, 153 A.3d at 1090-91.[13]

Finally, we note that Appellant briefly mentions that PCRA counsel was ineffective for failing to argue that direct appeal counsel had a conflict of interest because direct appeal counsel was allegedly a former prosecutor. *See* Appellant's Brief at 28. However, Appellant fails to provide any argument on this claim. Accordingly, we conclude that it is waived. *See Samuel*, 102 A.3d at 1005; *see also Romeo*, 153 A.3d at 1090-91.

After review, we find no error by the PCRA court in denying Appellant's PCRA petition regarding his *Batson* claim and conclude that no relief is due. *See Staton*, 184 A.3d at 954. Although we are permitted to address Appellant's layered claims of ineffectiveness pursuant to *Bradley*, we conclude that Appellant failed to prove his claim concerning ineffective assistance of PCRA counsel. *See Bradley*, 261 A.3d at 405; *see also*

_____

[13] In any event, to the extent that Appellant argues that PCRA counsel was ineffective for failing to raise direct appeal counsel's failure to file a brief in support of his post-sentence motion, trial counsel remained counsel of record at the relevant times and direct appeal counsel was not counsel of record when post-sentence motions were filed. *See* Post-Sentence Mot., 5/17/18. Rather, trial counsel represented Appellant during the post-sentence motions, and the trial court directed trial counsel to file a brief on or before Tuesday, July 3, 2018. *See id.*; *see also* Trial Ct. Order Scheduling Briefs, 6/13/18. Direct appeal counsel was not appointed until August 27, 2018, almost two months after the time to file the brief in support of Appellant's post-sentence motions expired. PCRA counsel cannot be deemed ineffective for failing to argue a meritless claim that direct appeal counsel was ineffective for failing to file a brief when he was not yet counsel of record. *See Spotz*, 896 A.2d at 1210 (explaining that counsel is not ineffective for failing to raise a meritless claim).

***Thomas***, 323 A.3d at 620-21. Therefore, Appellant is not entitled to relief on this claim. For these reasons, we conclude that Appellant's claims are meritless and affirm the PCRA court's order denying Appellant's PCRA petition.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/11/2025