J-S14039-26

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JERRY JERON DANIELS, JR. | : | |
| | : | |
| Appellant | : | No. 1298 MDA 2025 |

Appeal from the Order Entered August 26, 2025
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0000209-2005

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JERRY JERON DANIELS | : | |
| | : | |
| Appellant | : | No. 1299 MDA 2025 |

Appeal from the Order Entered August 26, 2025
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0000048-2006

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED: JUNE 4, 2026**

Jerry Jeron Daniels (Appellant) appeals *pro se* from the orders denying

his petitions for expungement.  We affirm.

Appellant was arrested on January 1, 2006, for committing a series of crimes against his wife. He was charged at OTN[1] L-272414-2, later assigned docket CP-01-CR-0000048-2006 (Docket 2006-48). A jury convicted Appellant of all charges on December 11, 2006, and the trial court imposed an aggregate sentence of 11 – 22 years.[2]

In an unrelated incident, a Reading Township police officer arrested Appellant on January 29, 2005, for driving under the influence. He was charged at OTN K-056793-2, which corresponds to docket CP-01-CR-0000209-2005 (Docket 2005-209). On July 25, 2005, Appellant entered a

---

[1] OTN stands for "Offense Tracking Number." We discuss the specific OTNs for ease of readability because Appellant's argument references those numbers.

[2] The trial court set forth the facts in its October 24, 2007 opinion in response to Appellant's post-sentence motions, which we relied upon in our decision affirming Appellant's judgment of sentence. *See Commonwealth v. Daniels*, 2008 MDA 2007 at 1-2 (Pa. Super. filed June 5, 2009). Briefly summarized, the facts established that Appellant attacked his wife in their home, threatened her with a knife, and raped her. *See* Trial Court Opinion, 10/24/07, at 1.

Furthermore, the victim "was initially reluctant to have charges pursued against [Appellant] because they were married, she wanted to resolve their differences, and she had three young children to support." *Id.* at 2. Appellant continuously contacted the victim, and "urged her not to testify against him" and wrote several letters. *Id.* at 3. Ultimately, the Commonwealth filed additional charges against Appellant for harassment, stalking, and intimidation of a witness. These charges were filed at CP-01-CR-821-2006, CP-01-CR-826-2006, and CP-01-CR-1008-2006 and consolidated for trial with Docket 2006-48. Appellant received concurrent sentences at these counts. N.T. Sentencing, 2/16/07, at 11. Appellant did not file petitions for expungement at these three dockets.

guilty plea and, per the terms of the agreement, the trial court sentenced Appellant to a 36-month period of intermediate punishment. This sentence was in effect when Appellant was arrested on Docket 2006-48; following his convictions for those charges, the trial court revoked Appellant's sentence and imposed a new sentence of one to three years' incarceration, which the trial court imposed concurrently to Docket 2006-48. *See* Order, 4/12/07.

On August 11, 2025, Appellant, acting *pro se*, filed a petition to expunge his convictions at Docket 2006-48. Under the section listing the charges for which he seeks expungement Appellant wrote "N/A." Petition to Expunge, 8/11/25, at ¶ 1.[3] Appellant wrote in the space next to that section: "Arrest & Conviction were the product of illegal activity! Never Officially Arraigned on Jan. 1, 2006." *Id.* (verbatim). Appellant also wrote "N/A" for the fields listing the Magisterial District Judge who handled this case. *Id.* ¶ 3. We again quote verbatim the text: "NEVER OFFICIALLY ARRAIGNED, NO ARREST WARRANTS EXIST FOR THIS abovementioned OTN. Fraud used to procure this illegal unCONSTITUTIONAL conviction. No Judge arraigned me on Jan. 1, 2006. 'a clear absence of all jurisdiction' on MDJ Bowman's behalf!!!!" *Id.* ¶ 3. Similarly, beside the text "The reason for expungement is:," Appellant wrote: "Arrest & Conviction were the product of illegal activity. Never Officially Arraigned, No Arrest WARRANT exist." *Id.* ¶ 7. Appellant requested that the court issue an order requiring the destruction of "any and all records" in the

---

[3] It appears that Appellant used a preprinted template.

files of the Pennsylvania State Police, the Federal Bureau of Investigation, or the Adams County District Attorney's Office pertaining to this case. **Id.** at page 3.

Appellant separately filed a Petition to Expunge at Docket 2005-209 on August 4, 2025. His averments were substantively similar to the petition filed at the other docket. For instance, for the "reason for expungement" Appellant wrote: "Arrest & Conviction were the product of illegal activity!" Petition to Expunge, 8/4/25, at ¶ 7.

On August 26, 2025, the Honorable Thomas R. Campbell[4] issued orders at both dockets denying the petitions, concluding that Appellant was "not entitled to expungement pursuant to 18 Pa.C.S.A. Section 9122(b)(3)(i)." Appellant filed timely notices of appeal at each docket on September 15, 2025 and court-ordered Rule 1925 statements on October 6, 2025.[5] The trial court has also complied with Rule 1925. Appellant raises two claims on appeal, which we quote verbatim:

> 1. Did the lower court erred when it denied Petitioner's "Petition For Expungement" where: Appellant has never been duly convicted under either OTN's: K-056793-2 (1298 MDA 2025), or L-272414-2 (1299 MDA 2025) See: Appelants Criminal History

---

[4] The judge originally assigned to the cases, the Honorable Shawn Wagner, initially denied both petitions but vacated the orders upon granting Appellant's motion to recuse. Judge Wagner granted the motions because he "was District Attorney of Adams County when [the cases were] prosecuted, and therefore, does recuse[.]" Order, 8/22/25.

[5] This Court *sua sponte* consolidated the appeals on December 8, 2025.

Record Information "CHRI" and Cover letter from Adams County Clerk of Courts Stating that No Arrest warrants exist.

2. Is Appellant entitled to Expungement where: No Arrest Warrants exist for either of the abovementioned K-056793-2 (1298 MDA 2025), or L-272414-2 (1299 MDA 2025) OTN's and where these dockets are bogus & these illegal convictions were procured through Fraud, Trickery, Deceit, Collusion, & Complicity.

Appellant's Brief at 3.

"The decision to grant or deny a petition to expunge rests with the sound discretion of the trial court, and we review that court's decision for abuse of discretion." **Commonwealth v. Romeo**, 153 A.3d 1084, 1087 (2017) (quoting **Commonwealth v. Moto**, 23 A.3d 989, 993 (Pa. 2011)).

As we discuss *infra*, as a substantive matter it appears that Appellant seeks expungement as a means to litigate claims that must be brought under the Post Conviction Relief Act ("PCRA").[6]  To the extent Appellant actually sought mere expungement of his records, we discern no abuse of discretion in the trial court's orders.

Expungement is governed by the Criminal History Record Information Act (CHRIA), which "sets forth the process by which a person may expunge his or her criminal history record." **Hunt v. Pennsylvania State Police**, 983 A.2d 627, 633 (Pa. 2009) (citing 18 Pa.C.S. § 9122).  In its Rule 1925(a) opinions, the trial court concluded that Appellant did not satisfy the applicable statutory criteria.

Appellant's Concise Statement of Errors Complained of on Appeal and his Petitions for Expungement state the reason for

---

[6] 42 Pa.C.S. §§ 9541-9546.

expungement being "Arrest & Conviction were the product of illegal activity!" Clearly in these dockets, Appellant was not acquitted. Rather he was convicted, and disposition was reported and received. Indeed, Appellant remains incarcerated on the sentences imposed in CR-48-2006, CR-1008-2006 and CR-826-2006.

As Appellant remains incarcerated at SCI-Frackville as a result of his convictions, he is not eligible for expungement.

> Criminal history record information may be expunged when an individual who is the subject of the information reaches 70 years of age and has been free of arrest or prosecution for 10 years following final release from confinement or supervision.

18 Pa. C.S.A. § 9122(b)(1) (emphasis added).

Trial Court Opinion, 10/9/25, at 2.

Appellant argues that the trial court relied on an inapt statutory provision. He submits that he is entitled to expungement pursuant to Section 9122(a) of the CHRIA, not Section (b)(1). Section 9122(a) states:

> **(a) Specific proceedings.--**Criminal history record information in a specific criminal proceeding shall be expunged when:
>
> (1) no disposition has been received or, upon request for criminal history record information, no disposition has been recorded in the repository within 18 months after the date of arrest and the court of proper jurisdiction certifies to the director of the repository that no disposition is available and no action is pending. Expungement shall not occur until the certification from the court is received and the director of the repository authorizes such expungement;
>
> (2) a court order requires that such nonconviction data be expunged[.]

18 Pa.C.S. § 9122(a).

Appellant explains in his brief why this provision would apply to these two dockets:

Clearly Appellant's Criminal History Record Information shows that no Disposition of February 16, 2007. In fact it shows that the Commonwealth of Pennsylvania went to great lenghts to try to cover-up the fact that Appellant has never been duly convicted of ant of the trumped up bogus charges that was never filed either on January 29, 2005 or January 1, 2006.

Appellant's Brief at 6 (verbatim). Continuing his allegations of fraud and deceit, Appellant argues:

The Commonwealth has failed to produce any Affidavits of Probable Cause for an arrest warrant. Surely the Commonwealth of Pennsylvania does not have these legal document this is evident from the "REQUEST FOR ACCESS FORM APPELLANT/TRIAL CASE RECORDS dated April 30, 2025 where the Clerk of Courts Ms. Wendy Abplanalp stated: There are no arrest warrants in any of the OTN #'s Appellant provided.

*Id.* at 7.

We disagree with Appellant. Initially, we observe that the certified records for these dockets establish that Appellant, despite his protestations to the contrary, has been duly convicted at the two dockets at issue in this appeal. *See* Guilty Verdict (Docket 2006-48), 12/11/06; Guilty Plea (Docket 2005-209), 7/25/05. "When an individual has been convicted of the offenses charged, then expungement of criminal history records may be granted only under very limited circumstances that are set forth by statute." *Moto*, 23 A.3d at 993 (Pa. 2011). The statutory provision cited by Appellant is not one of the "very limited circumstances" authorizing expungement; its plain language applies to criminal cases in which "no disposition has been received or ... recorded in the repository within 18 months." 18 Pa.C.S. § 9122(a)(1). The Definitions section of CHRIA defines the term "disposition" as follows:

**"Disposition."** Information indicating that criminal proceedings have been concluded, including information disclosing that police have elected not to refer a matter for prosecution, that a prosecuting authority has elected not to commence criminal proceedings or that a grand jury has failed to indict and disclosing the nature of the termination of the proceedings; or information disclosing that proceedings have been indefinitely postponed and also disclosing the reason for such postponement. Dispositions of criminal proceedings in the Commonwealth shall include, but not be limited to, acquittal, acquittal by reason of insanity, pretrial probation or diversion, charge dismissed, guilty plea, *nolle prosequi*, no information filed, nolo contendere plea, convicted, abatement, discharge under rules of the Pennsylvania Rules of Criminal Procedure, demurrer sustained, pardoned, sentence commuted, mistrial-defendant discharged, discharge from probation or parole or correctional supervision.

18 Pa.C.S § 9102.

Here, the "criminal proceedings have been concluded" and resulted in Appellant's convictions. Appellant's argument to the contrary apparently relies on his assertion that his "Criminal History Record Information shows that no Disposition of [*sic*] February 16, 2007." Appellant's Brief at 6. In his view, this "shows that the Commonwealth ... went to great lengths [*sic*] to try to cover-up the fact that Appellant has never been duly convicted of an[y] of the trumped up bogus charges that was [*sic*] never filed either on January 29, 2005 or January 1, 2006." ***Id.***

As best this Court can discern, Appellant is referencing exhibits attached to his petitions seeking expungement, which were documents sent to Appellant by the Clerk of Courts of Adams County after he had requested arrest warrants for, *inter alia*, the two OTNs at issue here. The response stated, in pertinent part: "We have received a request from you regarding a

request for documents. There are no arrest warrants in any of the OTN #'s you have provided." Petition to Expunge, 8/11/25 (Exhibit A-1) (Docket 2006-48). A page attached to this response checked a box informing Appellant that "the information/record does not exist." *Id.* (Exhibit A-3). Thus, because the Clerk of Courts does not have the items requested by Appellant, Appellant avers that there no dispositions were entered in either case. In turn, Appellant concludes that his "request for criminal history record information" proved that "no disposition has been recorded" with respect to his two arrests, and he is therefore entitled to expungement under Section 9122(a)(1).

We disagree. First, the CHRIA defines "criminal history record information" as "[i]nformation collected by criminal justice agencies concerning individuals, and arising from the initiation of a criminal proceeding, consisting of identifiable descriptions, dates and notations of arrests, indictments, informations or other formal criminal charges and any dispositions arising therefrom." 18 Pa.C.S. § 9102. Whether an arrest warrant was issued and retained by the Clerk of Courts does not address the question of whether a "disposition has been recorded[.]" *Id.* § 9122(a)(1).

Perhaps more importantly, even if Appellant is correct that no disposition was recorded or received for purposes of CHRIA, his argument overlooks a second requirement for expungement. For ease of reference, we requote the applicable language:

> **(a) Specific proceedings.--**Criminal history record information in a specific criminal proceeding shall be expunged when:

(1) no disposition has been received or, upon request for criminal history record information, no disposition has been recorded in the repository within 18 months after the date of arrest **and the court of proper jurisdiction certifies to the director of the repository that no disposition is available and no action is pending.** Expungement shall not occur until the certification from the court is received and the director of the repository authorizes such expungement;

*Id.* (emphasis added).

Therefore, even if there is no recorded disposition in the repository at issue, a "court of proper jurisdiction" must certify "that no disposition is available and no action is pending." This requirement operates as an administrative failsafe by requiring the relevant court to confirm whether a specific criminal proceeding has no disposition. Here, of course, Appellant was convicted at both dockets and, thus, there is a disposition. The trial court therefore correctly denied the petitions.

Next, for the sake of completeness we observe that Appellant arguably does not appear to seek mere expungement, which "is simply the removal of information so that there is no trace or indication that such information existed." *Hunt*, 983 A.2d at 633. Rather, Appellant's ultimate goal appears to be release from custody due to a finding that his convictions are invalid. *See* Appellant's Brief at 4 ("Appellant has been deprived of liberty since this illegal unconstitutional arrest.").

"Misdesignation does not preclude a court from deducing the proper nature of a pleading." *Commonwealth v. Porter*, 35 A.3d 4, 12 (Pa. 2012). Thus, "a court should examine the arguments and the requested relief to

discern the true 'nature' of the claim." ***Scott v. Pennsylvania Bd. of Prob. & Parole***, 284 A.3d 178, 189 (Pa. 2022). As previously quoted, Appellant's petitions asserted, as the basis for expungement, that his "[a]rrest [and] [c]onviction were the product of illegal activity." Petition to Expunge, 8/4/25, at ¶ 7.

Our Supreme Court has explained that "the General Assembly intended that claims that could be brought under the PCRA must be brought under that Act. No other statutory or common law remedy 'for the same purpose' is intended to be available; instead, such remedies are explicitly 'encompassed' within the PCRA." ***Commonwealth v. Hall***, 771 A.2d 1232, 1235 (Pa. 2001). While the nature of Appellant's complaints is not readily ascertainable, the petitions' references to "illegal" and "unconstitutional" convictions, as well as his assertion that there was a "clear absence of all jurisdiction," are the types of claims statutorily encompassed within the PCRA. ***See*** 42 Pa.C.S. § 9543(a)(2)(i) (authorizing relief if petitioner pleads and proves that "the conviction or sentence resulted from … [a] violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place"); ***id.*** (a)(2)(viii) (allowing relief for claims that the conviction occurred in "[a] proceeding in a tribunal without jurisdiction"). Hence, the trial court

arguably should have treated the petition as a request for relief under the PCRA.[7]

However, any error in this regard does not alter our disposition. Significantly, any PCRA petition must be filed within one year that the judgment of sentence has become final. 42 Pa.C.S. § 9545(b)(1). "This timeliness requirement is jurisdictional in nature, and a court may not address the merits of any claim raised unless the petition was timely filed or the petitioner proves that one of the three exceptions to the timeliness requirement applies." *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016).

As to Docket 2006-48, Appellant filed a direct appeal and we affirmed his judgment of sentence on June 5, 2009. *See Commonwealth v. Daniels*, 2008 MDA 2007 (Pa. Super. filed June 5, 2009). Appellant sought review with our Supreme Court, which denied his petition for allowance of appeal on December 9, 2009. *Commonwealth v. Daniels*, 985 A.2d 970 (Pa. 2009). Appellant's sentence became final 90 days later, when his time for seeking review with the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3) (defining finality as "the conclusion of direct review, including

---

[7] We acknowledge that Appellant's request for expungement, on its face, would not be subject to the requirements set forth in the PCRA. *See Commonwealth v. Lutz*, 788 A.2d 993, 996 n.7 (Pa. Super. 2001) (concluding that Lutz' "motion for expungement … does not challenge the propriety of his conviction or sentence" and thus was not subject to the PCRA's timeliness requirements). We offer this analysis for the sake of completeness, specifically to address whether further proceedings are warranted.

discretionary review in the Supreme Court of the United States … or at the expiration of time for seeking the review"); U.S. Sup. Ct. Rule 13 (requiring petition to be filed within 90 days from date of order denying review).

Therefore, Appellant's petition is untimely by over fifteen years. Additionally, Appellant has previously pursued collateral relief at this docket with the assistance of counsel. Thus, he is not entitled to counsel as of right. *See* Pa.R.Crim.P. 904(C) (stating that "the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief" to indigent defendants).

Moreover, it is Appellant's responsibility to plead and prove any exception to the PCRA's one-year time bar. *Commonwealth v. Hudson*, 156 A.3d 1194, 1197 (Pa. Super. 2017). In *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013), we held that the trial court should have treated a motion seeking a writ of *habeas corpus* as a PCRA petition. As that petition was patently untimely, Taylor had to plead and prove an exception to the time bar. Because the trial court did not treat the petition as a request for relief under the PCRA, Taylor was not alerted to the defect at the trial court level. We held that Taylor waived any complaint concerning the court's failure to treat the petition as a PCRA.

> As [Taylor] did not allege below or in this appeal any exceptions to the time-bar of the PCRA statute, we hold that his petition was untimely filed. We acknowledge that, because the court below did not treat the *habeas corpus* motion as a PCRA petition, it did not give [Taylor] notice of intent to dismiss or afford Appellant the opportunity to amend the petition. However, [Taylor] has not

challenged those actions on appeal. The failure to challenge the absence of a Rule 907 notice constitutes waiver. . . . .

Similarly, because [Taylor] does not contend that the PCRA court should have permitted him an opportunity to amend his petition, he has waived that potential issue. Additionally, we conclude that a court's decision to deny an untimely petition absent directing an amendment does not warrant reversal where the claim is record-based and our review indicates that the issue does not fall within a timeliness exception. Since the court below was without jurisdiction to reach the merits of the petition, we affirm.

*Id.* (citations omitted).

Applying **Taylor**, we conclude that Appellant has waived any issue regarding the trial court's failure to treat the petition as a request for relief under the PCRA. Additionally, the points cited by Appellant do not squarely fall within any statutory exception to the PCRA.

Therefore, to the extent the court erred by not treating the petition for expungement as a PCRA petition, we would affirm the order on the alternative basis that the court lacked jurisdiction to entertain said untimely PCRA petition.

As to Docket 2005-209, Appellant did not seek collateral review, making this his first petition. Normally, we would be compelled to remand for the appointment of counsel if the petition to expunge must be treated as a PCRA. **See Commonwealth v. Kutnyak**, 781 A.2d 1259, 1262 (Pa. Super. 2001) ("[A]s this is Appellant's first PCRA petition, he is entitled to counsel to represent him despite any apparent untimeliness of the petition or the apparent non-cognizability of the claims presented."). However, Appellant's sentence at this docket was imposed on July 25, 2005, and he was ordered to

- 14 -

serve a sentence of three years' intermediate punishment. As previously stated, the trial court revoked that sentence and resentenced Appellant to one to three years' incarceration, which was set concurrent to the sentence at Docket 2006-48. Thus, Appellant's sentence expired sometime in 2010.

To be eligible for PCRA relief, a petitioner must, "at the time relief is granted," be "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S. § 9545(a)(1)(i). Because Appellant would be statutorily ineligible for relief under the PCRA at this docket, we need not remand.

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/4/2026

- 15 -